(May 18, 1967)

JERED CONTRACTING CORP., Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.

MEMORANDUM BY THE COURT. Order and judgment striking defendant's affirmative defense and granting plaintiff partial summary judgment, affirmed, with $50 costs and disbursements to respondent. Recovery was properly allowed for work already finished prior to the cancellation of the contract. Subdivision (b) of section 2601 of the Public Authorities Law which provides for cancellation of a contract and disqualification for a period of five years in the submission of bids or entry into contracts with a public authority, specifically delineates the penalty or forfeiture required to be imposed for refusal to testify before a

Grand Jury with respect to transactions had with any public body. It is clear that no element of public policy, as so delineated, calls for a denial of recovery for work done. This is particularly so, in view of the legislative mandate contained in the statute which specifically provides "but any monies owing by the public authority for goods delivered or work done prior to the cancellation or termination *shall be paid.*" (Italics supplied.) Wholly aside from the fact that the suspicion of bid rigging, with respect to the contract, was purely speculative and not supported by even a vestige of positive evidence, this case is not analogous to *McConnell* v. *Commonwealth Pictures Corp.* (7 N Y .2d 465) relied upon by defendant. Herein, neither the services rendered nor the manner of their rendition had anything to do with the illegality asserted to possibly exist; and the alleged illegality is but incidental to and not integrated with the obligation sued upon. Unlike the *McConnell* case, where suit was based upon the contract found to have been illegally performed, here the suit is upon *quantum meruit.* In this case, the work was concededly done, and certified and approved by appropriate authorities. This certification of the amount due was made after the cancellation of the contract and with reference to the work done, for which payment was required to be made under the statute.

McNALLY, J. (dissenting). The order granting partial summary judgment and the judgment thereon should be reversed and the plaintiff's motion to strike the second affirmative defense and for partial summary judgment denied, with leave to plaintiff to renew after completion of all pretrial proceedings.

The action is for the reasonable value of work performed and materials furnished under a contract, dated January 13, 1965, for the painting of defendant's repair shop at the 207th Street yard of the Independent Subway Division in Manhattan. The contract provides for its termination by defendant in the event an officer of the plaintiff refuses to waive immunity when called before a Grand Jury concerning any transaction or contract with the State or any of its political subdivisions or any public authority. An officer of plaintiff was subpoenaed to attend before the Grand Jury of New York County concerning bids tendered to and contracts made with the New York City Housing Authority. Plaintiff's said officer refused to waive immunity. He was indicted for perjury in the submission of false noncollusive bidding statements to the Housing Authority.

Defendant's second defense, in addition to alleging the failure to waive immunity on the part of plaintiff's officer in the Grand Jury inquiry regarding Housing Authority bids and contracts, alleges that the contract herein with the defendant Transit Authority resulted from plaintiff's illegal agreement with others that they refrain from submitting competitive bids.

Section 2601 of the Public Authorities Law requires the insertion of a clause in all public contracts disqualifying persons and firms who refuse to waive immunity when called before a Grand Jury concerning any transaction or contract with the State, its political subdivisions, or any public authority, from bidding on or receiving public contracts, and enabling the cancellation of any and all then existing public contracts of such persons and firms. The contract here involved is responsive to said statute.

On the approval of said statute (L. 1959, ch. 605), the message of Governor Rockefeller (1959 N. Y. Legislative Annual, p. 431), stated the bill was in accord with a Grand Jury recommendation following the refusal of a number of persons to answer questions concerning public contracts.

The legislative history of section 2601 establishes the purpose to enable summary termination of the public contracts of one refusing to waive immunity when called to testify as to any public bid or contract. Under section 2601, even a public contract not inquired into by the Grand Jury may be terminated.

In the instant case, the contract terminated was one with the defendant Transit Authority and the Grand Jury investigation was concerned with Housing Authority contracts. Defendant's contractual right to terminate was not, therefore, dependent on any fraudulent conduct pertaining to its contract with the plaintiff. Defendant exercised its right to terminate the contract on the basis of the refusal of plaintiff's officer to waive immunity in the investigation covering the unrelated contracts with and bids to the Housing Authority. Plaintiff does not challenge defendant's said exercise of the right to terminate. In fact and in law, plaintiff ratifies and affirms it in prosecuting this action for the reasonable value of work performed and materials furnished as in the statute and the contract provided.

The second defense, however, is not one grounded on the statute or the contract. It is premised on the alleged fraud of plaintiff in eliminating competitive bids for the work and materials covered by the contract here involved. Plaintiff may not rely on a contract which is the product of its fraud and illegality. (*McConnell* v. *Commonwealth Pictures Corp.*, 7 N Y 2d 465.) There is no basis for holding that defendant's statutory and contractual right to terminate is in lieu of its common-law right to defeat a claim rooted in illegality. The legislative history, to the contrary, spells out the intention to formulate an additional and cumulative remedy in order to discourage and eliminate arrangements against competitive public bids.

The second defense being legally sufficient, and inasmuch as there has been enough shown to raise a factual issue with respect to fraud, summary judgment is unjustified where, as here, it depends on knowledge in the possession of the plaintiff. (*Procter & Gamble Distr. Co.* v. *Lawrence Amer. Field Warehousing Corp.*, 16 N Y 2d 344, 362.)

Moreover, there is no basis for the award made below. Plaintiff seeks the reasonable value of the work performed and materials furnished. However, the moving affidavits contend for a percentage of the contract price. There is nothing before the court to equate the contract price with reasonable value.

Botein, P. J., Capozzoli and McGivern, JJ., concur in Memorandum; McNally, J., dissents in opinion, in which Rabin, J., concurs.

Order and Judgment affrmed, etc.