OPINION OF THE COURT
Harvey W. Sherman, J.
Plaintiff makes this motion for summary judgment in lieu of complaint pursuant to CPLR 3213, on the ground that the defendant, Bank of Babylon, has failed to honor an official check drawn by the bank, on itself, payable to the order of plaintiff. An official bank check is an instrument for the payment of money only within this meaning of CPLR 3213 and is a proper subject for a motion of this nature. (Moon Over Mountain, Ltd. v Marine Midland Bank, 87 Misc 2d 918.)
Plaintiff is an individual in the business of repairing trucks, buses and other heavy equipment. Plaintiff in the course of his business completed repairs on a tractor trailer for a customer, SCI Equipment Inc. (hereafter referred to as SCI). In consideration for the repairs and for release of the "mechanic’s lien”, SCI tendered to plaintiff a personal check in the amount of $2,732.99 drawn upon the defendant bank. Plaintiff alleges that he then took the check to the defendant bank, cashed it, and with those proceeds purchased an official bank check payable to his business name. Plaintiff, relying upon the bank’s payment on the personal check and the apparent validity of the bank’s official check, then released the tractor trailer to SCI. A dispute then arose concerning the quality of the repairs and SCI attempted to effectuate a stop-order on its check. Subsequently, defendant bank, being unable to implement the stop-order, refused to honor its official check issued to the plaintiff.
The bank argues that its official check was issued in exchange for the personal check of its customer SCI and that it is entitled to stop payment on the official check because of SCI’s stop-order on the personal check. Essentially, the bank is asserting the defense of "failure of consideration” in that payment on the personal check, accepted in exchange for the official check, had been stopped by SCI.
*1002 The issue presented is whether a bank can assert the defense of "failure of consideration” in an action to collect on an official check as between the immediate parties (the bank and the purchaser of the official check). This is apparently a case of first impression in this jurisdiction.
The official check in issue was drawn by the defendant bank on itself. Such a check is commonly referred to as a "cashier’s check” (Dziurak v Chase Manhattan Bank, 58 AD2d 103), and constitutes a primary obligation of the issuing bank to pay upon demand (Matter of Bank of United States [O’Neill], 243 App Div 287). A cashier’s check is defined as a draft drawn by a bank and accepted in advance by the very act of issuance (Dziurak v Chase Manhattan Bank, supra).
Subdivision (1) of section 4-303 of the Uniform Commercial Code states in part: "Any knowledge, notice or stop-order received by legal process served upon or setoff exercised by a payor bank, whether or not effective under other rules of law to terminate, suspend or modify the bank’s right or duty to pay an item or to charge its customer’s account for the item, comes too late to so terminate, suspend or modify such right or duty if the knowledge, notice, stop-order, or legal process is served and a reasonable time for the bank to act thereon expires or the setoff is exercised after the bank has done any of the following: (a) accepted or certified the item.”
Since a cashier’s check is deemed accepted in advance by the mere act of issuance (Uniform Commercial Code, § 3-410; Dziurak v Chase Manhattan, 58 AD2d 103, supra; Matter of Bank of United States [O’Neill], supra), the defendant was without authority to terminate its duty to pay the item (Uniform Commercial Code, § 4-303, subd [1]).
The courts in this State have applied that rationale in instances where the payee is a third party and have consistently held that a bank cannot stop payment on a cashier’s check (Dziurak v Chase Manhattan, supra; Moon Over Mountain, Ltd. v Marine Midland Bank, 87 Misc 2d 918, supra). No reported New York court decision has approached the issue of a bank’s right to dishonor a cashier’s check as between the immediate parties. However, the United States Court of Appeals, Seventh Circuit, resolved that precise issue by applying the foregoing rationale and found for the plaintiff against the defandant bank (Munson v American Nat. Bank & Trust Co. of Chicago, 484 F2d 620). The court there went on to discuss the futility of the bank’s defense (supra, p 624): "Dishonor of *1003 the $80,000 draft gave defendant no more right to countermand its cashier’s checks than it would have given defendant a right to refuse to pay cash it had already paid * * * Hence, we are at a loss to understand how the dishonor, which itself gave rise to defendant’s right to proceed against the drawer, transferor or obligor and extinguished no liability, can provide a defense of 'failure of consideration.’ ” In this case the bank has already placed a hold on its client’s (SCI’s) account for the amount of the personal check and as such it is even more difficult to understand how defendant can assert the defense of "failure of consideration”.
It should be noted that the United States Third Circuit Court of Appeals and the United Stated District Court (ND Ohio) under similar circumstances, held that the defendant bank could assert the defense of "failure of consideration” (TPO Inc. v Federal Deposit Ins. Corp., 487 F2d 131; Banco Ganadero v Society Nat. Bank of Cleveland, 418 F Supp 520). However, those courts held that a cashier’s check is a note (Uniform Commercial Code, § 3-104, subd [2], par [d]; § 3-118, subd [a]) and not a draft (Uniform Commercial Code, § 3-104, subd [2], par [a]). A note, unlike a draft, is not covered by section 3-410 of the Uniform Commercial code and cannot be deemed accepted by the mere act of issuance. Those holdings are not applicable here as it is quite clear that the courts of this State have chosen to treat a cashier’s check as a draft accepted by the act of issuance (Dziurak v Chase Manhattan Bank, 58 AD2d 103, supra; Matter of Bank of United States [ONeill], 243 App Div 287, supra).
In applying sections 4-303 and 3-410 of the Uniform Commercial Code and the convincing logic of the Seventh Circuit in Munson v American Nat. Bank & Trust Co. of Chicago (484 F2d 620, supra) this court finds that the defendant bank was without authority to dishonor the cashier’s check presented to it.
The bank’s argument that there is a question of fact as to whether the personal check was cashed or exchanged for the cashier’s check is without merit. The bank admits it accepted SCI’s personal check and issued a cashier’s check to the plaintiff. Those are all the facts necessary to make this determination. Plaintiff has proven that he is the payee of an official check drawn by the defendant bank upon itself and on that basis he is entitled to summary judgment. Plaintiff is seeking interest from the date the check was issued; he is, *1004 however, entitled only to interest from the date of dishonor (CPLR 5001). The papers submitted fail to state the precise date of dishonor and it is therefore directed that the parties settle judgment on notice.
Plaintiffs demand for $911 for attorney’s fees is denied. Attorneys’ fees will not be imposed on the opposing party in the absence of a contract or statute so authorizing (Klein v Sharp, 41 AD2d 926).
Summary judgment is granted in favor of the plaintiff in the amount of $2,732.99 with interest from the date of dishonor. Settle judgment on notice.
The court notes that defendant’s affidavit in opposition dated August 11, 1978 and plaintiff’s reply thereto were not considered as both were submitted after the return date of this motion.