■ FLORIDA FROZEN FOODS, INC., Respondent, v NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Appellant. — Appeals (1) from a judgment of the Supreme Court at Special Term, entered December 14, 1979 in Albany County, which, *inter alia,* granted plaintiff's cross motion for summary judgment on its first cause of action, and (2) from an order of said court, entered February 27, 1980 in Albany County, which denied defendant's motion for reargument. Plaintiff commenced the instant action to recover damages arising from the alleged wrongful stoppage of payment on cashier's checks issued by the defendant bank to plaintiff in exchange for checks in like amount drawn on the bank by one of its depositors, Food Fair, Inc., and made payable to plaintiff as payee. Defendant admitted in its answer that it

had stopped payment on the cashier's checks issued to plaintiff. As an affirmative defense, defendant alleged fraudulent inducement on plaintiff's part in having defendant issue said cashier's checks in that plaintiff had failed to disclose to defendant that it had learned that Food Fair, Inc., was about to file a petition in Federal Bankruptcy Court on the same day the cashier's checks were issued. Defendant moved pursuant to CPLR 3212 for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment which was granted by Special Term. Defendant contends on appeal that summary judgment should not have been granted because substantial issues of fact relating to plaintiff's fraud were raised. We find no merit in defendant's position. It is well established that a cashier's check "is the primary obligation of the issuing bank which, acting as both drawer and drawee, accepts the check upon its issuance" *(Dziurak v Chase Manhattan Bank, N.A.,* 44 NY2d 776, 777). Pursuant to section 4-303 of the Uniform Commercial Code, an order to stop payment comes too late if received after the bank has accepted the item. Because a cashier's check is accepted when issued, it is beyond the power of the bank to stop payment on it *(Kaufman v Chase Manhattan Bank Nat. Assoc.,* 370 F Supp 276, 278). Accordingly, defendant's actions to stop payment of the cashier's checks were wrongful and summary judgment was properly granted to plaintiff. Moreover, defendant's allegations of fraud on plaintiff's part are to no avail. Plaintiff had no duty to disclose to defendant that it had heard that Food Fair, Inc., might file for bankruptcy in the near future. We concur with Special Term's conclusion that concealment did not constitute fraud since, as here, the relationship of the parties did not require disclosure. The plaintiff's silence did not amount to fraud. It is further noted that defendant's reliance upon the warranties embodied in subdivision (2) of section 3-417 of the Uniform Commercial Code is misplaced as those warranties do not run to payor banks (White and Summers, Uniform Commercial Code, § 15-1, p 511). Finally, no appeal lies from an order denying a motion for reargument (Siegel, New York Practice, § 254, p 314). Judgment affirmed, with costs. Appeal from order entered February 27, 1980, dismissed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.