## (April 12, 1982)

■ ABILITIES, INC., Appellant, v CITIBANK, N. A., Respondent. — In an action based upon an instrument for the payment of money only, commenced by service of a summons with notice of motion for summary judgment in lieu of complaint, plaintiff appeals from an order of the Supreme Court, Nassau County (Young, J.), dated October 6, 1981, which, *inter alia,* denied its motion. Order reversed, on the law, with $50 costs and disbursements, motion granted, and matter remitted to Special Term for entry of an appropriate judgment. The complaint served pursuant to the order appealed from is dismissed. The instrument in question is an official bank check in the amount of $10,498, issued by defendant as both drawer and drawee and naming plaintiff as payee. The check was issued at the request of defendant's customer Avant-Guard Devices, Inc., which is named on the check as the remitter, and was given to plaintiff in payment for certain goods and services. Upon receipt of the check, plaintiff deposited the same in its own acccount. The check was subsequently dishonored by defendant, on the basis of a stop payment request by Avant-Guard, which asserted that the "payment [was] in dispute", a claim apparently based upon a failure of consideration. At the same time, Avant-Guard agreed to indemnify defendant for any liability it might incur as a result of the stop payment order. Thereupon, plaintiff commenced this action and moved for summary judgment pursuant to CPLR 3213. Special Term denied the motion, *inter alia,* on the ground that Avant-Guard (which had a separate action pending against plaintiff) should be joined as a party defendant, in order that it might assert any defenses it might have against plaintiff regarding the goods and services. The court also stated that, under the circumstances, the determination of the amount was dependent upon facts outside of the record. Plaintiff was granted leave to serve a supplemental summons and complaint adding Avant-Guard as an additional party defendant. An official bank check, such as the instrument at bar, is deemed to be accepted upon issuance, and a stop payment order following issuance is therefore ineffective (see Uniform Commercial Code, §§ 3-410, 4-403, subd [1]; *Dziurak v Chase Manhattan Bank,* 58 AD2d 103; *Taboada v Bank of Babylon,* 95 Misc 2d 1000; *Moon Over Mountain v Marine Midland Bank,* 87 Misc 2d 918; see, also, *Kaufman v Chase Manhattan Bank, Nat. Assn.,* 370 F Supp 276; 9 NY Jur 2d, Banks and Financial Institutions, § 387). The check was the primary obligation of defendant, upon which it became immediately liable. The alleged failure of consideration in the underlying transaction between plaintiff and Avant-Guard, for which the check was given, does not relieve defendant of its obligation on the check (see *Moon Over Mountain v Marine Midland Bank, supra; Meckler v Highland Falls Sav. & Loan Assn.,* 64 Misc 2d 407; *Malphrus v Home Sav. Bank of City of Albany,* 44 Misc 2d 705). The instrument is clear on its face as to the amount due, without resort to proof of any facts outside of the instrument. Accordingly, plaintiff is entitled to summary judgment for the amount of the instrument. Defendant is relegated to whatever remedies it may have pursuant to its indemnity agreement with Avant-Guard. Likewise, resolution of the underlying dispute between plaintiff and Avant-Guard must be determined in a separate action. In light of the result herein, the complaint served

pursuant to Special Term's permission naming Avant-Guard as a party defendant, must be dismissed. Damiani, J. P., Gibbons, O'Connor and Boyers, JJ., concur.