■ Steven M. Gates, Appellant-Respondent, v Manufacturers Hanover Trust Company/Capital Region, Respondent-Appellant. — Cross appeals from an order of the Supreme Court at Special Term (Pennock, J.), entered July 15, 1982 in Albany County, which denied plaintiff's motion for summary judgment in lieu of a complaint and defendant's cross motion for summary judgment dismissing the complaint. At issue on this appeal is whether Special Term erred in denying the parties' cross motions for summary judgment in plaintiff's action based upon four cashier's checks issued by defendant to plaintiff's principal. Plaintiff contends that, having issued cashier's checks, defendant is precluded from refusing to pay on the checks. Defendant, on the other hand, maintains that plaintiff's principal, not plaintiff, is the proper party to his lawsuit and that, in any event, it is not liable on the checks. Since we agree with Special Term that factual issues are presented by the parties' motion papers, the order denying summary judgment to both parties must be affirmed. The four cashier's checks, listing American Nail Corporation as the payee, were issued by defendant in exchange for four checks drawn on accounts in another bank by two customers of American Nail Corporation. The president of American Nail Corporation thereafter indorsed the cashier's checks to plaintiff, an attorney representing the corporation on various matters. Plaintiff deposited the checks in his attorney's escrow account, on which he drew checks to pay the corporation's wage obligations. Defendant stopped payment on its four cashier's checks when it learned that payment had been stopped on the four checks of the corporation's customers taken by defendant in exchange for the cashier's checks. Since plaintiff is at the very least a holder (Uniform Commercial Code, § 1-201, subd [20]), defendant's contention that he has no standing to maintain this action to enforce payment on the checks is meritless (Uniform Commercial Code, § 3-301). Plaintiff argues that, having issued the checks drawn on itself, defendant has accepted the checks (*Dziurak v Chase Manhattan Bank,* 44 NY2d 776, 777) and that, therefore, pursuant to subdivision (1) of section 4-303 of the Uniform Commercial Code, defendant's stop-

payment orders were too late to be effective. In our view, section 4-303 of the code is not controlling for we are not concerned with the timeliness of the stop-payment orders. Rather, at issue in this action is defendant's liability to plaintiff on the four checks it issued and accepted. This issue can be decided only by looking to the rights and liabilities of the parties as established elsewhere in the code. Pursuant to section 3-418 of the Uniform Commercial Code, acceptance is final in favor of a holder in due course or a person who has in good faith changed his position in reliance. The code also provides that lack of consideration is a defense against one who does not have the rights of a holder in due course (Uniform Commercial Code, § 3-306, subd [c]; § 3-408). Similarly, one who does not have the rights of a holder in due course takes an instrument subject to all defenses of any party which would be available in an action on a simple contract (Uniform Commercial Code, § 3-306, subd [b]). Accordingly, it is apparent that defendant's acceptance of the checks does not, as plaintiff contends, preclude it from asserting any defense against any party. *Florida Frozen Foods v National Commercial Bank & Trust Co.* (81 AD2d 978, mot for lv to app den 55 NY2d 601), upon which plaintiff relies, is distinguishable for defendant bank that issued the certified checks therein did not assert a valid defense. Indeed, by concurring with Special Term's conclusion that plaintiff's conduct did not amount to fraud, we recognized that defendant was not precluded from asserting a valid defense (see *Banco Di Roma v Merchants Bank,* 92 AD2d 42, 44). Applying the above principles to this case, we find the parties' papers insufficient to entitle either party to summary judgment. As found by Special Term, there are several factual issues, including plaintiff's status and the validity of defendant's defenses, which must be resolved. The order should, therefore, be affirmed. Order affirmed, with costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.