■ Ross Bicycles, Inc., Appellant, v Citibank, N. A., Respondent.—Order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about October 2, 1989, which, *inter alia,* denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, is unanimously affirmed, with costs and disbursements payable by plaintiff.

On August 18, 1986, Citibank, N. A. (Citibank) issued an unsecured, irrevocable documentary letter of credit to Wedtech Corporation (Wedtech), with Ross Bicycles, Inc. (Ross) as beneficiary. The letter of credit for $1,000,000 was subsequently amended to increase the credit by $600,000. Soon thereafter, Wedtech filed for bankruptcy.

Ross sought summary judgment in lieu of complaint, alleging that Citibank wrongfully dishonored four drafts totaling

$189,056. Citibank justified its refusal to honor the drafts on the grounds that the drafts were not "signed" by the proper postal agent and that there was fraud in the letter of credit transaction. The IAS court held that Citibank's defenses created factual issues sufficient to preclude summary judgment. We agree.

The instant letter of credit required a "PS Form 7342-A signed by U.S. Postal Service". There is evidence of a memo by Ross noting that a Mr. Harnak is an authorized representative of the United States Postal Service. While Citibank asserts that Harnak was required to sign the form, there is nothing in the record that indicates that Harnak was the only postal agent who had authority to sign them. Indeed, the letter of credit was never modified or amended to provide such a requirement.

As the drafts were signed by qualified United States Government inspectors, whose genuineness has not been contested on appeal, no issues of fact in this regard warrant a denial of summary judgment.

However, issues of fact regarding fraud in the letter of credit transaction do preclude summary judgment in this case *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223). While the obligation of the issuer of credit to honor drafts is independent of the underlying transaction, the issuer is not obligated to honor drafts if there is fraud in the transaction *(First Commercial Bank v Gotham Originals,* 64 NY2d 287, 295; UCC 5-114). Moreover, both the customer and the issuer of the letter of credit have the right to enjoin honor of the credit if there is evidence of such fraud *(supra,* at 295; UCC 5-114). Even if Uniform Customs and Practice were deemed applicable to this letter of credit, as Ross contends (thereby rendering UCC art 5 inapplicable), the relief provided in UCC 5-114 for fraud would still continue to govern *(supra,* at 295, n 4).

We have considered Ross's other claims and find them to be of no merit.

Application to enlarge the record is denied. Concur—Sullivan, J. P., Carro, Asch and Kassal, JJ.