■ ROSS BICYCLES, INC., Appellant-Respondent, v CITIBANK, N. A., Respondent-Appellant.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered July 3, 1991, which, *inter alia,* denied plaintiff's motion to dismiss four of defendant's affirmative defenses pursuant to CPLR 3211 (b) and granted, without prejudice, defendant's motion to vacate

plaintiff's demand for a bill of particulars and which granted plaintiff's motion to dismiss three of defendant's affirmative defenses, unanimously modified, on the law and the facts to dismiss said four affirmative defenses, and otherwise affirmed, with costs.

Motion No. 4257 by plaintiff-appellant to strike portions of the joint appendix on the ground that the material was not before the IAS court is granted to the extent of striking pages 169 and 170 only.

Motion No. 4439 by plaintiff-appellant to excise the footnote at page 4 of the defendant-respondent's reply brief is granted. *(See,* CPLR 3024 [b].)

Motion No. 4137 by plaintiff-appellant to dismiss defendant-respondent's cross-appeal is denied.

This matter has been before this court previously. *(See,* 161 AD2d 473; 149 AD2d 330; 134 AD2d 181.)

Briefly, defendant issued a letter of credit for one million dollars to Wedtech Corporation with plaintiff as beneficiary, which letter was subsequently increased by $600,000.00. Wedtech subsequently filed for bankruptcy. Defendant dishonored the letter of credit and plaintiff sued.

Plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, having been denied, plaintiff served its complaint.

The amended verified answer contained seven affirmative defenses: (1) failure to state a cause of action, (2) absence of persons who should be parties, (3) collateral estoppel, (4) knowledge by plaintiff of financial condition of Wedtech when it obtained the $600,000.00 increase, (5) illegality, (6) conspiracy to commit fraud, (7) documentary evidence defense.

On plaintiff's motion to dismiss the affirmative defenses, the IAS court granted the motion as to items 1, 3 and 7, and we affirm for the reasons stated.

As to items 2, 4, 5 and 6, we reverse and grant the motion to strike.

As to item 2, defendant seeks to join others who may have been party to the Wedtech scandal. Plaintiff has no need to join any other parties. The purpose of a letter of credit is to give the beneficiary recourse separate from any action involving the customer. Defendant is otherwise free to pursue its Wedtech claims.

As to items 4, 5 and 6 the IAS court considered them related. If item 4 is part of the fraud defense, it has no basis

in and of itself and is thus superfluous. In any event, a beneficiary of a letter of credit has no obligation to disclose facts (assuming it has any) as to the customer's condition *(Florida Frozen Foods v National Commercial Bank & Trust Co.,* 81 AD2d 978). In fact, the very reason for the letter of credit is to protect the beneficiary from the financial problems of the party with whom it deals.

The real issue is the question of the illegal activities of Wedtech and possible illegal aspects of the plaintiff's dealing with Wedtech. Defendant offers only conclusory allegations with respect thereto. Whether the cause of action arises out of or in connection with an asserted illegality is a legal issue. No one other than defendant (not the government) has contended that the subcontract between plaintiff and Wedtech was illegal. The suit is not on the underlying contract but on the letter of credit. *(See, First Commercial Bank v Gotham Originals,* 64 NY2d 287, 294; *cf., Jered Contr. Corp. v New York City Tr. Auth.,* 28 AD2d 519.) To be a valid defense, the alleged illegality would have to be "central to or a dominant part of the plaintiff's whole course of conduct in performance of the contract." *(McConnell v Commonwealth Pictures Corp.,* 7 NY2d 465, 471.) Moreover, the defendant is a "third party" in the sense postulated by the *McConnell* case *(supra,* at 472), which cannot use this defense. Concur—Wallach, J. P., Kupferman, Ross and Smith, JJ.