■ TURBINE FEDERAL CREDIT UNION, Respondent, v AMSTERDAM FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant. [637 NYS2d 492] —Crew III, J. Appeals (1) from an order of the Supreme Court (Keniry, J.), entered December 29, 1994 in Schenectady County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

On March 28, 1994, defendant issued a cashier's check in the amount of $11,000, payable to the order of Custom Coffee Roasters. The check was endorsed by Kevin Murray, a customer of plaintiff, for Custom Coffee Roasters, stamped "For Deposit Only" into the account of J.T. Vogel and, on March 29, 1994, presented to plaintiff for payment. The cashier's check apparently was "paid" by plaintiff on that date, but defendant refused to honor it because the deposits used to procure the cashier's check had been returned for insufficient funds. Plaintiff subsequently commenced this action seeking to recover the value of the cashier's check, plus interest. Following joinder of issue but prior to any discovery, plaintiff moved for summary judgment. Supreme Court granted the motion and this appeal by defendant followed.

There must be a reversal. A review of the record before us

reveals that questions of fact exist as to whether defendant has a valid defense to the payment of the cashier's check held by plaintiff and, as such, Supreme Court erred in granting plaintiff's motion for summary judgment.

As a general rule, "a bank usually must honor its cashier's checks because, pursuant to [UCC 3-410 (1)], issuance constitutes acceptance which in turn gives rise to an obligation to pay" (*Banco Di Roma v Merchants Bank*, 92 AD2d 42, 43). However, an exception to this rule has been recognized where the issuing bank, here defendant, raises the defense that the cashier's check has been procured by fraud, e.g., a check-kiting scheme (*see, supra*, at 44; *see also, Gates v Manufacturers Hanover Trust Co./ Capital Region*, 98 AD2d 829, 830). Additionally, if the holder of the instrument, here plaintiff, takes the instrument with notice of a possible defect, its status as a holder in due course is defeated (*see generally, Marine Midland Bank v Price, Miller, Evans & Flowers*, 57 NY2d 220, 224) and it takes the instrument subject to the defenses of any party (*see,* UCC 3-306 [b]; *Gates v Manufacturers Hanover Trust Co./ Capital Region, supra*).

Here, in its answer, defendant raised the defense that plaintiff paid the $11,000 to Vogel despite being on notice or having knowledge that defendant would not honor the cashier's check because it had been procured by fraud. In opposition to plaintiff's motion for summary judgment, defendant submitted the affidavit of its branch coordinator, Gail Vacula, who averred that on March 29, 1994 she notified plaintiff's vice-president of operations, Anita LeBlanc, that defendant was stopping payment on the cashier's check due to defendant's suspicion of a check-kiting scheme. Vacula further averred that LeBlanc informed her that plaintiff had become suspicious of Vogel and Murray prior to March 29, 1994 and that defendant was a " 'new player in the game' ". Finally, Vacula stated that LeBlanc informed her that Vogel had been advised that the funds in question would not be available to him until the following day, March 30, 1994. Defendant also submitted a printout showing issuance of a stop payment order for the cashier's check on March 29, 1994. In response, plaintiff simply denied any knowledge of fraud, asserted that the conversation in question took place on March 30, 1994 in relation to another cashier's check and denied receipt of the stop payment order until April 4, 1994.

Plainly, Vacula's affidavit is sufficient to raise questions of fact regarding whether defendant has a valid defense and, further, whether plaintiff is indeed a holder in due course. Al-

though both plaintiff and Supreme Court characterized Vacula's averments as hearsay, it is well settled that statements made by an agent, i.e., LeBlanc, within the scope of her authority are receivable against the principal, i.e., plaintiff, as an admission (*see*, Richardson, Evidence § 253, at 220 [Prince 10th ed]; *see generally, Scaccia v Degener*, 207 AD2d 599). Additionally, to the extent that Supreme Court credited plaintiff's averment that it had no knowledge of any wrongdoing until a subsequent transaction, we note that resolving credibility issues is not the proper focus of a motion for summary judgment (*see generally, Carter v Maskell*, 192 AD2d 898, 900). Finally, to the extent that the timing of the issuance and receipt of the stop payment order is even relevant (*see generally, Gates v Manufacturers Hanover Trust Co./ Capital Region, supra*, at 830), a question of fact exists in this respect as well. Accordingly, plaintiff's motion for summary judgment should have been denied.

Cardona, P. J., Mikoll, Casey and Spain, JJ., concur. Ordered that the order and judgment are reversed, on the law, without costs, and motion denied.