■ GRAEME A. CHAMBERS et al., Appellants, v EXECUTIVE MORTGAGE CORP. et al., Respondents. [645 NYS2d 91] —In an action to recover damages for, *inter alia,* the negligent appraisal of real property, the plaintiffs appeal, as limited by their brief, from (1) so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), dated December 19, 1994, as granted the motion of the defendant Paul Dyckes, Inc., for summary judgment and dismissed the complaint as against that defendant, (2) so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Davis, J.), entered February 7, 1995, as granted the motion of the defendant Eric T. Reeps Appraisals, Inc., for summary judgment and dismissed the complaint as against that defendant, and (3) so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Davis, J.), entered November 1, 1995, as granted the cross motion of the defendant Executive Mortgage Corp. for summary judgment and dismissed the complaint as against that defendant.

Ordered, that the orders and judgments are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs entered into a contract for the sale of their home in Long Beach, New York, for the sum of $300,000. The rider to the contract contained a mortgage contingency clause which provided that if the purchaser did not obtain a commitment for a mortgage loan of not less than $225,000 within a certain time frame, either party could terminate the agreement by prompt notice and the purchaser's deposit would be refunded.

The purchaser timely submitted a mortgage application to the defendant Executive Mortgage Corp. (hereinafter EMC), a mortgage broker. EMC, in turn, hired the defendant Eric T. Reeps Appraisals, Inc. (hereinafter Reeps), to appraise the prop-

erty. Reeps valued the property at $254,000 and the purchaser sought to cancel the contract. The plaintiffs insisted on another appraisal, and EMC retained the defendant Paul Dyckes, Inc. (hereinafter Dyckes) to conduct another appraisal. When Dyckes appraised the premises at $245,000, EMC notified the purchaser that it did not have a lender who would approve the loan, and the purchaser cancelled the contract with the plaintiffs pursuant to the mortgage contingency clause. The plaintiffs thereupon commenced this action against EMC, Reeps and Dyckes alleging, *inter alia,* negligence, tortious interference with contractual relations and fraud, based on the alleged inaccurate appraisals.

The Supreme Court properly dismissed the cause of action for negligence and/or negligent misrepresentation, due to the lack of any duty owed by the defendants to the plaintiffs (*see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 382, 384; *Security Pac. Bus. Credit v Peat Marwick Main & Co.,* 79 NY2d 695, 703-705; *Home Mut. Ins. Co. v Broadway Bank & Trust Co.,* 53 NY2d 568, 575-576; *Ultramares Corp. v Touche,* 255 NY 170; *see also, Oestreicher v Simpson,* 243 NY 635; *Chemical Bank v National Union Fire Ins. Co.,* 74 AD2d 786; *Navarre Hotel & Importation Co. v American Appraisal Co.,* 156 App Div 795, 798).

Moreover, because the plaintiffs failed to plead fraud with sufficient particularity (*see,* CPLR 3016 [b]; *Fink v Citizens Mtge. Banking,* 148 AD2d 578), the Supreme Court properly dismissed that cause of action.

Finally, the Supreme Court properly dismissed the cause of action to recover damages for tortious interference with contractual relations, because no contract was breached and the plaintiffs could not demonstrate the necessary degree of tortious interference with their expectation that the purchaser would receive a loan (*see, e.g., NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614; *Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488).

The plaintiffs' remaining contention is without merit. Miller, J. P., Ritter, Santucci and Altman, JJ., concur.