■ BANCO DI ROMA, Respondent, v MERCHANTS BANK OF NEW YORK, Appellant. [674 NYS2d 317] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 23, 1997, which awarded plaintiff the principal sum of $844,000, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about October 23, 1997, which granted plaintiff's motion for summary judgment both on its complaint and dismissing defendant's counterclaims, and denied defendant's cross motion for summary judgment on its counterclaims and dismissing the complaint, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

As was implicitly recognized by this Court in 1983 (see, Banco Di Roma v Merchants Bank, 92 AD2d 42), holder in due course status will be denied to a bank that takes a cashier's check with notice of fraud by another (see, Turbine Fed. Credit Union v Amsterdam Fed. Sav. & Loan Assn., 224 AD2d 753, 754). Here, however, summary judgment was properly granted to plaintiff bank upon the finding that plaintiff was a holder in due course, because defendant did not sustain its burden to provide evidentiary proof that plaintiff took the instruments in question with actual notice of the defense of fraud or in bad faith. The burden of establishing such actual notice, even to the extent necessary to avoid summary judgment, is an exacting one as it must be met without recourse to any "objective test which might involve constructive knowledge" (Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d 153, 162). Similarly, the counterclaim for commercial bad faith (see, Prudential-Bache Sec. v Citibank, 73 NY2d 263, 275-276) was properly dismissed, since defendant did not produce evidence that plaintiff was an actual participant in the nonparty client's scheme (see, e.g., Streng Oldsmobile v Fleet Bank, 245 AD2d 1032). We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Tom, Andrias and Saxe, JJ.