■ Sarah Frith et al., Appellants, v Affordable Homes of America, Inc., et al., Defendants, and T.A.M. Equity Corp., Doing Business as HomeTrust Mortgage Bankers, et al., Respondents. [676 NYS2d 513] —In an action, inter alia, to recover damages for fraud and negligent misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated July 24, 1997, which granted the motion of the defendants Paul Levine, Susan Day, and T.A.M. Equity Corp., d/b/a HomeTrust Mortgage Bankers for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On their motion for summary judgment dismissing the amended complaint, T.A.M. Equity Corp., d/b/a HomeTrust Mortgage Bankers, as well as its vice president Paul Levine, and its loan officer Susan Day (hereinafter the respondents), met their burden of submitting admissible proof that they did not engage in fraud (see, Shui Ching Chan v Bay Ridge Park Hill Realty Co., 213 AD2d 467; County of Westchester v Becket Assocs., 102 AD2d 34, 50-51, affd 66 NY2d 642) or negligent

misrepresentation (*see, Banque Nationale de Paris v 1567 Broadway Ownership Assocs.*, 214 AD2d 359).

Although CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated (*see, Urcan v Cocarelli*, 234 AD2d 537), it should not be resorted to where, as here, there has been a failure to demonstrate that the discovery sought would produce relevant evidence to support the plaintiffs' allegations (*see, Greenberg v McLaughlin*, 242 AD2d 603; *Zarzona v City of New York*, 208 AD2d 920; *Plotkin v Franklin*, 179 AD2d 746; *Kenworthy v Town of Oyster Bay*, 116 AD2d 628; *see also, Auerbach v Bennett*, 47 NY2d 619, 636).

In addition, the respondents are entitled to dismissal of the cause of action to recover damages for intentional infliction of emotional distress. Assuming the allegations in the amended complaint to be true, they do not rise to the level of outrageous conduct on the part of the respondents (*see, Howell v New York Post Co.*, 81 NY2d 115, 121; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303; *Bando v Achenbaum*, 234 AD2d 242; *Vasilopoulos v Romano*, 228 AD2d 669).

Accordingly, the respondents' motion for summary judgment was properly granted. Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.