OPINION OF THE COURT
Carol R. Edmead, J.
Plaintiff Industrial Bank of Korea, NY Branch (Korea) moves for an order striking the answer of defendant JP Morgan and Chase Manhattan Bank (Chase) and granting it summary judgment.
*220 Defendant Chase cross-moves for an order granting it, on default, judgment against additional defendants on cross claims, Graceland Fashions, Inc. (Graceland) and Hanen Kris Corp. (Hanen), in the amount of any judgment recovered by plaintiff Korea against defendant Chase.
On November 22, 2000, at about 11:00 a.m., Graceland deposited a check in the sum of $23,150 in its account with defendant Chase. The check had been drawn by Hanen, who also maintained an account with defendant Chase. Due to the Thanksgiving holiday on November 23, 2000, the processing of the Hanen check was delayed one day.
On November 27, 2000, Graceland requested that defendant Chase certify a check drawn on its account. For the purpose of certifying a check, defendant Chase supplies its customer with a countercheck, which is completed as directed by the customer and is signed by the customer. The countercheck is drawn on a Chase account in Buffalo, New York, and is made payable through the New York clearing house.
As instructed by Graceland, the countercheck was made payable to Graceland. Prior to adding its certification stamp to the check, defendant Chase checked Graceland’s available balance by computer. Since the Hanen check was drawn on defendant Chase, defendant Chase made the funds available to Graceland on November 24, one business day after the deposit.
Shortly after the certified check was delivered to Graceland, defendant Chase learned that the Hanen check was being returned because Hanen had placed a stop payment on the check. In addition, the funds in Hanen’s account were insufficient to cover the check. Defendant Chase then decided to place a stop payment against the certified check.
On the same day that it received the certified check, Graceland deposited it in its account with plaintiff Korea. Since it was a certified check, plaintiff Korea made the funds available to Graceland the same day.
Plaintiff Korea claims that it was first advised that the certified check would not be paid by Chase when it received an EARNS (Electronic Advanced Return-Item Notification System) notification on November 30, 2000, at 11:57 a.m.; that prior to receiving the notice, it made payments and electronic transfers in the sum of $21,857.81 as against the certified check; and that as a holder in due course, it is entitled to payment from defendant Chase on the certified check.
Defendant Chase claims that it was the victim of a fraudulent scheme perpetrated by Graceland and Hanen, and that accordingly, it had a right to stop payment on the certified check. In addition, defendant Chase claims plaintiff Korea is not a holder in due course.
*221 In accordance with UCC 3-411 (1), a bank that certifies a check, accepts it and becomes legally bound to pay the check to one rightfully entitled to the funds. A bank that has certified a check is limited in its right to dishonor the check. (Quistgaard v EAB European Am. Bank & Trust Co., 182 AD2d 510 [1st Dept 1992].)
“Certification imports that the check is drawn upon sufficient funds in the hands of the drawee, that they have been set apart for the satisfaction of the check, and that they shall be so applied whenever the check is presented by a holder entitled to the funds. The general rule is that the drawee bank is liable to a bona fide holder of a check it has certified, regardless of the state of the drawer’s account, the implication being that the check is drawn upon sufficient funds, and the bank being estopped to deny that such is the case * * * .” (9 NY Jur 2d, Banks and Financial Institutions § 373.)
Where a bank certifies a check through error, mistake or fraud, the bank may revoke its certification. However, if the rights of a third party have intervened, and the check has reached the hands of a holder in due course or a party who has changed his position, between the certification and the revocation, the mistake or fraud cannot be used as a defense against the holder. (9 NY Jur 2d, Banks and Financial Institutions §§ 377, 378.)
In this case, although it is alleged by defendant Chase that plaintiff Korea is not a holder in due course, defendant Chase fails to buttress this claim with any evidence. Defendant Chase certified the check, and by so doing stated that there were sufficient funds in the account to cover the check. Plaintiff Korea paid out on the certified check, and defendant Chase fails to show that plaintiff Korea had knowledge of a problem with the certified check at the time it disbursed funds against the certified check. The fact that defendant Chase may have certified the check in error or as a result of fraud is not a defense against a holder in due course.
Defendant Chase cites U.S. Printnet v Chemung Canal Trust Co. (270 AD2d 544 [3d Dept 2000]), Turbine Fed. Credit Union v Amsterdam Fed. Sav. & Loan Assn. (224 AD2d 753 [3d Dept 1996]), and Gates v Manufacturers Hanover Trust Co. / Capital Region (98 AD2d 829 [3d Dept 1983]) as standing for the proposition that where a party obtains a cashier’s check by fraud, the bank may stop payment. In each of the above-cited cases plaintiff was denied summary judgment. However, in each case an issue of fact existed as to the status of plaintiff as a holder in due course.
*222 In Banco DiRoma v Merchants Bank of N.Y. (251 AD2d 139 [1st Dept 1998], lv denied 92 NY2d 808), the lower court granted plaintiff bank summary judgment on cashier’s checks. In affirming the decision, the Appellate Division stated as follows:
“As was implicitly recognized by this court in 1983, holder in due course status will be denied to a bank that takes a cashier’s check with notice of fraud by another. Here, however, summary judgment was properly granted to plaintiff bank upon the finding that plaintiff was a holder in due course, because defendant did not sustain its burden to provide evidentiary proof that plaintiff took the instruments in question with actual notice of the defense of fraud or in bad faith. The burden of establishing such actual notice, even to the extent necessary to avoid summary judgment, is an exacting one as it must be met without recourse to any ‘objective test which might involve constructive knowledge’ ” (at 139 [citations omitted]).
The same rule should apply to certified checks. As noted above, defendant Chase by certifying the check accepted it. In accordance with UCC 3-418, acceptance of a check is final in favor of a holder in due course.
Defendant Chase has failed to produce any evidence to show that plaintiff Korea is not a holder in due course.
Plaintiff Korea submits a copy of the “EARNS” notification which on its face indicates that it was transmitted on November 30, 2000, at 11:57 a.m. Defendant Chase claims that since the certified check is date stamped in back, November 28, 2000, plaintiff Korea may have received the physical check back before it received the “EARNS” notification. However, plaintiff Korea submits a copy of the Federal Reserve Bank’s return items which indicates that plaintiff Korea received notice of the return of the check from the Federal Reserve Bank on November 30, 2000, at 10:38 a.m. Plaintiff Korea claims that it received the actual check after 3:00 p.m. on that date. Plaintiff Korea submits a copy of the transactions carried out on Graceland’s account which indicates that the money it seeks in this action was disbursed prior to its receiving knowledge of the stop payment of the certified check.
Defendant Chase further argues that plaintiff Korea violated its own internal rules by making the funds with respect to the certified check available on the date of deposit. The copy of the regulations submitted by plaintiff Korea indicates that an officer of the bank branch has the discretion to make the funds of *223 a certified check available on the date of deposit. In view of the fact that the check was certified, it cannot be said that plaintiff Korea’s act of making the funds available on the same day was commercially unreasonable.
Finally, defendant Chase claims that as a result of other funds on deposit in Graceland’s account with plaintiff Korea, plaintiff Korea has failed to show that the amount it seeks in this action was disbursed as against the certified check. The copy of the activity on Graceland’s account with plaintiff Korea indicates that the sum of $21,857.81 was disbursed as against the certified check.
Due to the foregoing, plaintiff Korea is entitled to judgment.
In the complaint and the motion papers, plaintiff treats JP Morgan and Chase as one defendant. The defendants’ answer indicates that JP Morgan and Chase are separate defendants.
Plaintiff Korea’s motion is granted and the answer of defendant Chase is stricken, and plaintiff Korea is granted judgment against defendant Chase in the sum of $21,857.81 with interest from November 29, 2000, plus costs and disbursements. Plaintiff Korea has failed to show how JP Morgan is involved in this case. Accordingly, the action is dismissed as against JP Morgan.
Defendant Chase cross-moves for judgment against Graceland and Hanen on the cross claims.
Graceland has not answered the cross claims and is in default.
In accordance with defendant Chase’s business account application and corporate resolutions executed by Graceland, defendant Chase is authorized to pay items against a depositor’s account even if the payment creates an overdraft, and the depositor agrees to indemnify defendant Chase against any loss, liability, or expense arising from honoring the check.
Since defendant Chase has to pay out on the certified check, Graceland is obligated to indemnify defendant Chase.
Accordingly, defendant Chase’s cross motion for a default judgment against Graceland on the cross claims is granted on default. The clerk is directed to enter judgment in favor of defendant Chase and against Graceland in the amount of the judgment entered in favor of plaintiff Korea against defendant Chase.
Defendant Chase also claims that Hanen is in default. However, Han T. Cho, president of Hanen, claims that the default was vacated on February 11, 2000 by Judge Scarpulla in Special Term Part I. Although the court file does not contain this order, the file contains an answer from Hanen which was filed on February 21, 2002. Under these circumstances, defen *224 dant Chase is not entitled to a default judgment against Hanen.
Defendant Chase claims that Hanen is liable to it because it took part in the fraud perpetrated by Graceland; that Hanen is liable to it as the drawer of the check upon which it stopped payment; and that in accordance with the bank resolutions, Hanen is liable to Chase for any overdrafts.
Cho claims that Hanen did not take part in any fraud; that Graceland was not authorized to deposit the check as it had a notation that it was not to be deposited pending an LC (line of credit); and that as soon as he learned that Graceland had wrongfully deposited the check, he placed a stop payment on the check.
Defendant is not entitled to summary judgment against Hanen on its fraud claim. Defendant Chase will have to prove that a fraud occurred and that Hanen took part in the fraud.
Defendant Chase is also not entitled to summary judgment against Hanen based on the check Hanen gave to Graceland or based on the bank resolution executed by Hanen.
Hanen’s check did not create an overdraft in Hanen’s account since it stopped payment on the check. An overdraft occurred in Graceland’s account as a result of the stop payment. Defendant Chase fails to show how the bank resolutions require Hanen to indemnify defendant Chase for overdrafts in Graceland’s account. In addition, defendant Chase will have to show that Hanen had no right to stop payment. Hanen should bear the loss, if it improperly stopped payment on the check.
. Accordingly, defendant Chase’s cross motion for judgment against Hanen on the cross claims is denied. Defendant Chase’s action on the cross claims as against Hanen is severed and shall continue.
[Portions of opinion omitted for purposes of publication.]