◼ TIMOTHY RIDDY, Respondent, v HSBC USA, INC., et al., Defendants, and ELIZABETH ALERS et al., Appellants. [799 NYS2d 741]—In an action, inter alia, to recover damages for fraud and negligent misrepresentation, the defendants Elizabeth Alers and Century 21, doing business as H.P. Greenfield Real Estate, appeal from an order of the Supreme Court, Kings County (F.

Rivera, J.), dated August 6, 2004, which denied their motion for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the amended complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The defendants Elizabeth Alers and Century 21, doing business as H.P. Greenfield Real Estate (hereafter HP Greenfield) demonstrated their entitlement to judgment as a matter of law dismissing the fraud and negligent misrepresentation causes of action asserted against them (*see Frith v Affordable Homes of Am.*, 253 AD2d 536 [1998]; *Platzman v Morris*, 283 AD2d 561 [2001]; *see also Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact. Moreover, the Supreme Court should have dismissed the negligence cause of action asserted against HP Greenfield due to the lack of any duty owed by that defendant to the plaintiff (*see Chambers v Executive Mtge. Corp.*, 229 AD2d 416, 417 [1996]).

Further, while CPLR 3212 (f) permits an opposing party to obtain discovery under certain circumstances (*see Urcan v Cocarelli*, 234 AD2d 537 [1996]), "it should not be resorted to where, as here, there has been a failure to demonstrate that the discovery sought would produce relevant evidence to support the plaintiff's allegations" (*Frith v Affordable Homes of Am.*, supra at 537; *see Greenberg v McLaughlin*, 242 AD2d 603, 604 [1997]). Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.