■ WILLIAM HART, Appellant, v NORTH FORK BANK, Respondent. (And a Third-Party Action.) [829 NYS2d 624]—

In an action to recover damages for wrongful dishonor of checks, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated March 27, 2006, as denied, with leave to renew upon completion of disclosure, those branches of his motion which were for summary judgment on the complaint and dismissing the defendant's affirmative defenses, and granted the defendant's cross motion to compel disclosure.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendant's affirmative defenses are granted, and the defendant's cross motion to compel disclosure is denied.

On May 12, 2003 the defendant, North Fork Bank (hereinafter North Fork), issued six cashier's checks, in the total sum of $20,465, all payable to the order of Washington Mutual Bank (hereinafter Washington Mutual). These checks were endorsed by the branch manager of the Washington Mutual branch where the plaintiff maintained an account, and then deposited into the plaintiff's account. Subsequently, North Fork issued stop payment orders on the checks, and Washington Mutual reversed the credits which had been posted to the plaintiff's account. Thereafter, Washington Mutual assigned all of its rights concerning the six checks to the plaintiff, who then commenced this action. The plaintiff moved for summary judgment on the complaint and dismissing North Fork's affirmative defenses, and North Fork cross-moved to compel disclosure. The court denied the plaintiff's motion with leave to renew upon completion of disclosure, and granted North Fork's cross motion. We reverse.

"A cashier's check is the primary obligation of the issuing bank which, acting as both drawer and drawee, accepts the check upon its issuance" (*Dziurak v Chase Manhattan Bank, N.A.*, 44 NY2d 776, 777 [1978]). Once a bank issues a cashier's check, it cannot thereafter stop payment based upon a unilateral request from its customer, unless there is evidence of fraud, or the check is lost, stolen, or destroyed (*see Dalessio v Kressler*, 6 AD3d 57, 63 [2004]; *U.S. Printnet v Chemung Canal Trust Co.*, 270 AD2d 544 [2000]; *Quistgaard v EAB Eur. Am. Bank & Trust Co.*, 182 AD2d 510 [1992]; UCC 4-403 [1]).

Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law by submitting evidence of the cashier's checks which were deposited into his Washington Mutual account, but which ultimately were not paid to him because North Fork improperly issued stop payment orders. In opposition, North Fork did not submit any evidence that the checks were fraudulently issued or obtained, and otherwise failed to raise a triable issue of fact. In particular, the hearsay allegation contained in the affidavit of a North Fork employee that the checks were stopped because customers of the plaintiff informed North Fork that "they had made alternative arrangements with the plaintiff for payment" was patently insufficient to defeat the plaintiff's entitlement to judgment as a matter of law in this case (*see Riddy v HSBC USA, Inc.*, 21 AD3d 465 [2005]; *Abilities, Inc. v Citibank*, 87 AD2d 831 [1982]).

Accordingly, the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's affirmative defenses should have been granted (*see Alvarez v Prospect Hosp.*, 68

NY2d 320 [1986]). Furthermore, North Fork has failed to show how further discovery may lead to relevant evidence (*see Keeley v Tracy*, 301 AD2d 502 [2003]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614 [1999]). Its cross motion to compel disclosure should thus have been denied.

In light of our determination, the remaining issues have been rendered academic. Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.