■ DANIEL MENDELSOHN, Respondent, v JP MORGAN CHASE BANK, N.A., Appellant. [880 NYS2d 552]—

In an action to recover on a cashier's check, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals (1) from an order of the Supreme Court, Nassau County (Galasso, J.), entered January 7, 2008, which granted the plaintiff's motion, (2) from a judgment of the same court entered January 24, 2008, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $250,000, and (3), as limited by its brief, from so much of an order of the same court entered May 2, 2008, as, upon reargument, adhered to the original determination in the order entered January 7, 2008.

Ordered the appeal from the order entered January 7, 2008, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order entered May 2, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order entered January 7, 2008, must be dismissed because the right of direct appeal there-

from terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In this action to recover on a cashier's check, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law by submitting a copy of the cashier's check, drawn by the defendant, on itself, and payable to him, along with proof that the defendant has refused to honor the check (*see Rosenbaum v First Natl. City Bank of N.Y.,* 11 NY2d 845, 846 [1962]; *Taboada v Bank of Babylon,* 95 Misc 2d 1000 [1978]; *see generally Northport Car Wash, Inc. v Northport Car Care, LLC,* 52 AD3d 794, 795 [2008]). In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense (*see Kaufman v Chase Manhattan Bank, N.A.,* 370 F Supp 276, 278 [1973]; *Bunge Corp. v Manufacturers Hanover Trust Co.,* 65 Misc 2d 829, 835 [1971], *mod* 37 AD2d 409 [1971], *affd* 31 NY2d 223 [1972]; *see generally Studley v National Fuel Gas Supply Corp.,* 125 Misc 2d 956, 961 [1984]; *cf. U.S. Printnet v Chemung Canal Trust Co.,* 270 AD2d 544, 546 [2000]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint (*see Northport Car Wash, Inc. v Northport Car Care, LLC,* 52 AD3d at 795).

Furthermore, the Supreme Court, upon granting the defendant's motion for reargument, properly adhered to its original determination. Rivera, J.P., Miller, Balkin and Austin, JJ., concur.