■ RICHARD N. GOLDEN, Appellant, v CITIBANK, N.A., Respondent. [953 NYS2d 261]—

In an action, inter alia, to recover damages for wrongful dishonor of a cashier's check, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered November 10, 2011, which denied, with leave to renew upon completion of disclosure, his motion for summary judgment on the first cause of action, which was to compel payment on the subject cashier's check, and to sever that cause of action.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the first cause of action and to sever that cause of action is granted.

On December 29, 2009, the defendant, Citibank, N.A. (hereinafter Citibank), issued a cashier's check in the sum of $300,000, payable to "Richard Golden as attorney." This check was deposited by the plaintiff, Richard N. Golden, into his attorney escrow account at JP Morgan Chase Bank (hereinafter Chase). Subsequently, Citibank issued a stop payment order on the check, and Chase reversed the credit that had been posted to the plaintiff's account. The plaintiff thereafter commenced the instant action, in which he moved for summary judgment on the first cause of action, which was to compel payment of the check, and to sever that cause of action. The Supreme Court denied the plaintiff's motion with leave to renew upon completion of depositions of the parties. The plaintiff appeals.

" 'A cashier's check is the primary obligation of the issuing bank which, acting as both drawer and drawee, accepts the check upon its issuance' " (Hart v North Fork Bank, 37 AD3d 414, 415 [2007], quoting Dziurak v Chase Manhattan Bank, N. A., 44 NY2d 776, 777 [1978]). Once a bank issues a cashier's check, it cannot thereafter stop payment, even upon a request from its customer, unless there is evidence of fraud (see Dalessio v Kressler, 6 AD3d 57, 63 [2004]; US Printnet v Chemung Canal Trust Co., 270 AD2d 544 [2000]; Turbine Fed. Credit Union v Amsterdam Fed. Sav. & Loan Assn., 224 AD2d 753, 754 [1996]; Quistgaard v EAB Eur. Am. Bank & Trust Co., 182 AD2d 510 [1992]; Banco Di Roma v Merchants Bank of N.Y., 92 AD2d 42 [1983]; Hotel Riviera, Inc. v First Natl. Bank & Trust Co. of Okla. City, Okl., 768 F2d 1201 [10th Cir 1985]), or evidence that the check was lost, stolen, or destroyed (see Hart v North Fork Bank, 37 AD3d at 415).

Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the first cause of action by submitting evidence of the existence and due issuance of the cashier's check, that it was drawn by Citibank, on itself, and made payable to the plaintiff, and that the check was deposited into his Chase attorney escrow account, but that it ultimately was not paid to him because Citibank improperly issued a stop payment order (*see Mendelsohn v JP Morgan Chase Bank, N.A.,* 63 AD3d 1021, 1022 [2009]; *Hart v North Fork Bank,* 37 AD3d at 415; *Taboada v Bank of Babylon,* 95 Misc 2d 1000, 1003 [1978]). In opposition, Citibank did not submit any evidence that the check was fraudulently issued or obtained, and otherwise failed to raise a triable issue of fact. In particular, the hearsay allegation contained in the affidavit of a Citibank employee that the check was stopped because a customer of the bank informed the bank that "she made alternate arrangements to have the funds delivered" was patently insufficient to defeat the plaintiff's entitlement to judgment as a matter of law in this case (*see Hart v North Fork Bank,* 37 AD3d at 415; *Riddy v HSBC USA, Inc.,* 21 AD3d 465 [2005]; *Abilities, Inc. v Citibank,* 87 AD2d 831 [1982]; *Taboada v Bank of Babylon,* 95 Misc 2d at 1003).

Accordingly, that branch of the plaintiff's motion which was for summary judgment on the first cause of action should have been granted (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Moreover, the remaining causes of action were to recover consequential damages arising from the dishonor of the check and for punitive damages to deter the defendant from similar future conduct, and it would be inequitable to compel the plaintiff to wait for the resolution of those causes of action before recovering the face value of the dishonored check. Under these circumstances, severance of the first cause of action is warranted (*see* CPLR 1003).

Citibank's remaining contention is without merit. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.