[11 NE3d 194, 988 NYS2d 121]

RICHARD N. GOLDEN, Respondent, v CITIBANK, N.A., Appellant.

Argued March 25, 2014; decided May 6, 2014

**APPEARANCES OF COUNSEL**

*Zeichner Ellman & Krause LLP*, New York City (*Barry J. Glickman* and *Bruce S. Goodman* of counsel), for appellant.

*Richard N. Golden*, Forest Hills, respondent pro se.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

█ A cashier's check—essentially, a check drawn by a bank on itself—is presumed to have been issued for value, and the issuance of such a check constitutes an acceptance by the issuing bank, which gives rise to an obligation to pay (*see Dziurak v Chase Manhattan Bank, N. A.*, 44 NY2d 776, 777 [1978]; *Hart v*

*North Fork Bank*, 37 AD3d 414, 415 [2d Dept 2007]; *Matter of Bank of U.S.*, 243 App Div 287, 291 [1st Dept 1935]; *Bobrick v Second Natl. Bank of Hoboken*, 175 App Div 550, 552 [1st Dept 1916], *affd* 224 NY 637 [1918]; *Kaufman v Chase Manhattan Bank, N.A.*, 370 F Supp 276, 278 [SD NY 1973]). When a bank has issued a cashier's check, it cannot stop payment, "unless there is evidence of fraud, or the check is lost, stolen, or destroyed" (*Hart*, 37 AD3d at 415 [citations omitted]). To the extent *Gates v Manufacturers Hanover Trust Co./Capital Region* (98 AD2d 829 [3d Dept 1983]) holds otherwise, it was wrongly decided and should not be followed.

Plaintiff demonstrated prima facie entitlement to judgment as a matter of law on his first cause of action, to compel payment on a cashier's check, and defendant, in opposition, failed to raise a triable issue of fact. Thus, the Appellate Division properly granted plaintiff's motion for summary judgment.

Chief Judge Lippman and Judges Graffeo, Read, Smith, Pigott, Rivera and Abdus-Salaam concur.

Order affirmed, with costs, in a memorandum.