■ ALFRED THOMPSON, Appellant, v BARRY BERMAN REALTY ASSOCIATES, Respondent. [751 NYS2d 532] —In an action, inter alia, to recover a down payment on a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated November 26, 2001, as denied his motion for summary judgment and granted those branches of the cross motion of the defendant which were for summary judgment on its counterclaims and to vacate the notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that "[w]hen an agreement between the parties is clear and unambiguous on its face, it will be enforced according to its terms and without resort to extrinsic evidence" (*Charter Realty & Dev. Corp. v New Roc Assoc.,* 293 AD2d 438). Here, the second rider to the contract explicitly permitted the plaintiff buyer to cancel the contract if, inter alia, his proposed renovations to the subject premises were not approved by the New York City Landmarks Preservation Commission within 60 days of submission of his application for approval. Accordingly, the Supreme Court properly found that the plaintiff

defaulted on the contract, entitling the defendant seller to retain his down payment as liquidated damages. The plaintiff attempted to cancel the contract despite the fact that his proposed renovations were approved within 53 days after submission and that he had the opportunity to close on the property after learning of his improper cancellation but did not (*see Orea v D'Auria,* 160 AD2d 694). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment and granted those branches of the defendant's cross motion which were for summary judgment on its counterclaim and to vacate a notice of pendency.

The plaintiff's remaining contentions either are without merit or are not properly before this Court. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.