■ IVETTE MATOS et al., Appellants, v THOMAS J. CRIMMINS et al., Respondents. THOMAS J. ZUGIBE, Stakeholder. [837 NYS2d 234]—

In an action, inter alia, for the return of a downpayment given pursuant to a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Nelson, J.), dated May 26, 2006, which granted the defendants' motion for summary judgment dismissing the complaint and for summary judgment on the second counterclaim to retain the downpayment.

Ordered that the order is affirmed, with costs.

The plaintiffs entered into a contract with the defendants to purchase certain premises in Thiells, New York. Pursuant to the contract, the plaintiffs tendered a downpayment in the sum of $35,000. The contract further provided that the premises were being sold and conveyed subject to "[a]ny state of facts an accurate survey or physical inspection may show[ ]" and subject to "covenants, restrictions, easements, reservations, consents and contracts of record." After the contract was executed by the parties, the plaintiffs obtained a survey of the subject property which showed the existence of a conservation easement and a shade tree easement in the backyard. The plaintiffs aver that the existence of these easements "severely" limits use of the backyard.

The plaintiffs commenced this action against the defendants alleging, in effect, that the defendants committed fraud in failing to disclose the existence of the easements prior to the parties' entry into the contract. The plaintiffs also alleged that the defendants breached the contract. As such, the plaintiffs seek, inter alia, the return of their downpayment. The defendants interposed two counterclaims, the second of which alleged that the plaintiffs breached the contract, and thus, the defendants are entitled to retain the downpayment, which was being held in escrow. The defendants moved for summary judgment dismissing the complaint and for summary judgment on the second counterclaim to retain the downpayment. The Supreme Court correctly granted the motion.

"New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (*Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *see Platzman v Morris*, 283 AD2d 561, 562 [2001]). The mere silence of the seller, without some act or conduct which deceived the purchaser, does not amount to a concealment that is actionable as a fraud (*see Slavin v Hamm*, 210 AD2d 831, 832 [1994]; *London v Courduff*, 141 AD2d 803, 804 [1988]). "To maintain a

cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor" (*Jablonski v Rapalje, supra* at 485; *Platzman v Morris, supra; London v Courduff, supra*).

The defendants demonstrated, prima facie, their entitlement to summary judgment dismissing the cause of action, in effect, for fraud (*see Riddy v HSBC USA, Inc.*, 21 AD3d 465 [2005]; *Frith v Affordable Homes of Am.*, 253 AD2d 536 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants actively concealed the easements and thwarted the plaintiffs' efforts to discover the easements (*see Glazer v LoPreste*, 278 AD2d 198, 199 [2000]). Notwithstanding the plaintiffs' contention that the existence of the easements was concealed by the presence of certain items in the backyard, including a swing-set and a fenced-in dog run, the plaintiffs concede that the existence of the easements was readily ascertainable from the public record.

Moreover, the defendants established, prima facie, that the plaintiffs breached the contract between the parties. In opposition, the plaintiffs failed to raise a triable issue of fact. Indeed, it is undisputed that the plaintiffs did not close on the subject property in accordance with the terms of the contract, despite their opportunity to do so. Thus, under the terms of the contract, the defendants were entitled to retain the downpayment (*see Thompson v Barry Berman Realty Assoc.*, 300 AD2d 390 [2002]; *Orea v D'Auria*, 160 AD2d 694 [1990]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and for summary judgment on the second counterclaim. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur.