■ MICHAEL ROZEN et al., Respondents-Appellants, v 7 CALF CREEK, LLC, Appellant-Respondent, et al., Respondent, et al., Defendant. [860 NYS2d 155]—

In an action, inter alia, for the return of a down payment given pursuant to a contract for the sale of real property, the defendant 7 Calf Creek, LLC, appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated August 1, 2007, as granted those branches of the plaintiffs' motion which were for summary judgment on their first, third, and fifth causes of action to the extent of granting summary judgment to the plaintiffs on the issue of liability on their first, third, and fifth causes of action to recover damages for breach of contract, to foreclose a vendee's lien, and for an attorney's fee, respectively, and denied its cross motion for summary judgment on its counterclaim to retain the down payment, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the cross motion of the defendants 7 Calf Creek, LLC, and Richard J. Gherardi which were for summary judgment dismissing the second and fourth causes of action seeking rescission based upon misrepresentation, and damages for fraud, respectively.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Pursuant to a contract dated August 30, 2006, the plaintiffs agreed to buy a home that the defendant 7 Calf Creek, LLC (hereinafter 7 Calf Creek), was constructing and tendered a down payment in the sum of $700,000. Paragraph 9 of the contract, captioned "Permitted Exceptions," and paragraph R6 of the rider to the contract, listed numerous restrictions and covenants that the premises were sold "subject to." The contract further provided that if 7 Calf Creek were "unable to deliver to [the plaintiffs] title in accordance with the provisions of this Contract and subject only to the matters set forth in this Contract" the plaintiffs could rescind the contract and 7 Calf Creek would be required to return the down payment. The closing was tentatively set for September 30, 2006.

After the contract was executed by the parties, the plaintiffs obtained a title report pursuant to the terms of the contract. Under exception 19, the title report listed a recorded agreement. This was a "hold harmless release" (hereinafter the release), which the defendant Richard J. Gherardi, a managing member of 7 Calf Creek, had executed on behalf of 7 Calf Creek in favor of the Town of Southampton. It released the Town of Southampton from any liability for "damages that may be the result of my building a house on the [subject] property where [the] foundation is less than 12" above the elevation of the road immediately in front of my house" and required that any future owner would be bound by the release. The release was not

among the permitted exceptions noted in the contract of sale and its riders.

Upon discovering this, the plaintiffs, by letter dated September 6, 2006, effectively objected to the contract based upon this exception. On or about September 15, 2006, prior to the scheduled closing, there was flooding of the premises which resulted in damage to the house. The plaintiffs also obtained memoranda from the Town of Southampton which referenced the release.

Upon receiving no response to the September 6th letter from the defendants, by letter dated September 25, 2006, the plaintiffs elected to terminate the contract. By letter dated October 3, 2006, the attorney for 7 Calf Creek responded that this was a permitted exception under the exceptions for zoning and subdivision laws since it was required by the Town of Southampton.

The plaintiffs established their prima facie entitlement to judgment as a matter of law that 7 Calf Creek breached the contract. The plaintiffs were entitled to rescind the contract if 7 Calf Creek were unable to deliver title in accordance with the provisions of the contract and subject only to the matters set forth in the contract. The plaintiffs did so by showing that there was a recorded exception which was not included as a permitted exception in the contract. In response, 7 Calf Creek failed to raise a triable issue of fact (*see O'Neil v Van Tassel,* 137 NY 297, 299-301 [1893]; *Nowak v Rametta,* 43 AD3d 1120, 1123 [2007]; *Behrman v Bendersky,* 224 App Div 759 [1928], *affd* 250 NY 578 [1929]; *see also Laba v Carey,* 29 NY2d 302, 308 [1971]; *Kopp v Barnes,* 10 AD2d 532, 534-535 [1960]; *see generally Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.,* 106 AD2d 242, 244 [1985], *affd* 66 NY2d 779 [1985]; *cf. Greenfarb v R. S. K. Realty Corp.,* 256 NY 130, 132, 135-137 [1931]). Accordingly, the Supreme Court properly awarded the plaintiffs summary judgment on the issue of liability on their first and fifth causes of action alleging breach of contract and for an attorney's fee, as well as summary judgment on their cause of action to foreclose their vendee's lien, and concomitantly properly denied 7 Calf Creek's cross motion for summary judgment on its counterclaim to retain the down payment (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The Supreme Court also properly granted those branches of the cross motion of 7 Calf Creek and Gherardi which were for summary judgment dismissing the second and fourth causes of action for rescission based on misrepresentation and alleging fraud. "New York adheres to the doctrine of caveat emptor and

imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (*Matos v Crimmins,* 40 AD3d 1053, 1054 [2007], quoting *Jablonski v Rapalje,* 14 AD3d 484, 485 [2005] [internal quotation marks omitted]). The mere silence of the seller, without some act or conduct which deceived the purchaser, does not amount to a concealment that is actionable as a fraud (*see Matos v Crimmins,* 40 AD3d at 1054). "To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor" (*Jablonski v Rapalje,* 14 AD3d at 485).

7 Calf Creek and Gherardi established their prima facie entitlement to judgment as a matter of law dismissing the second and fourth causes of action sounding, respectively, in misrepresentation and fraud (*see Matos v Crimmins,* 40 AD3d at 1054; *Frith v Affordable Homes of Am.,* 253 AD2d 536 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether or not 7 Calf Creek and Gherardi concealed the release and thwarted their efforts to discover it, since the release was readily ascertainable and obtainable from the public records (*see Matos v Crimmins,* 40 AD3d at 1054; *Glazer v LoPreste,* 278 AD2d 198 [2000]; *Industrial Risk Insurers v Ernst,* 224 AD2d 389 [1996]).

The parties' remaining contentions are without merit. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.