SHEILAH MARGOLIN, Appellant, v IM KAPCO, INC., Doing Business as HOUSEMASTER, et al., Defendants, and DOROTHY STELZNER, Respondent. [932 NYS2d 122]—

The plaintiff purchased a house in Nassau County from the defendant Dorothy Stelzner (hereinafter the seller). The plaintiff alleges that, after moving into the house, she discovered that the skylights had been leaking and had caused extensive damage to the home, requiring costly repairs. The plaintiff brought this action against, among others, the seller. As to the seller, the complaint asserted a cause of action alleging fraud, averring that the seller fraudulently represented that there

were no leaks in the house, and that she actively concealed the defects in the premises. The seller moved pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint insofar as asserted against her. The Supreme Court granted that branch of the motion which was pursuant to CPLR 3211 (a) (1), and judgment was entered accordingly. We reverse.

As the plaintiff correctly contends, the seller waived her right to move pursuant to CPLR 3211 (a) (1) to dismiss the complaint based upon documentary evidence, because this defense was not raised in her answer and the motion was not made before the answer was due (*see* CPLR 3211 [e]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 241 [2007]).

The seller argues, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), that the branch of her motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her should have been granted. This contention is without merit. "New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (*Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 520 [2007]; *see Laxer v Edelman*, 75 AD3d 584, 585 [2010]; *Daly v Kochanowicz*, 67 AD3d 78, 87 [2009]; *Platzman v Morris*, 283 AD2d 561, 562 [2001]; *cf.* Real Property Law §§ 462, 465). A plaintiff seeking to recover damages for active concealment must show that the defendant "thwarted" the plaintiff's efforts to fulfill his or her responsibilities imposed by the doctrine of caveat emptor (*Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236, 245 [2009] [internal quotation marks omitted]; *see Rozen v 7 Calf Cr., LLC*, 52 AD3d 590, 593 [2008]; *Matos v Crimmins*, 40 AD3d 1053, 1055 [2007]; *Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]).

On a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all of the facts alleged in the complaint to be true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Jacobs v Macy's E.*, 262 AD2d 607, 608 [1999]). Here, the evidentiary facts averred by the plaintiff, including those in her affidavit submitted in opposition to the motion to dismiss (*cf. Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1018

[2010]), were sufficient to make out a cause of action alleging fraud (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 488 [2007]). The plaintiff alleged that in addition to denying the existence of any "water problems," the seller took several steps to hide the existence of the leaks, including placing "large commercial-size aluminum roasting pans" above the drop ceiling tiles to collect water from the ongoing leaks. The facts alleged, if proved, may constitute active concealment (*cf. 17 E. 80th Realty Corp. v 68th Assoc.*, 173 AD2d 245, 246 [1991]; *London v Courduff*, 141 AD2d 803, 804 [1988]).

To the extent the seller argues, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d at 545), that the branch of her motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her should have been granted, that contention is without merit (*see Zane v Minion*, 63 AD3d 1151 [2009]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.