■ RICHARD CAMISA et al., Appellants, v LOUIS M. PAPALEO et al., Respondents, et al., Defendants. [939 NYS2d 559]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Westchester County (Adler, J.), entered June 3, 2010, as granted those branches of the motion of the defendants Louis M. Papaleo, Pasquale Roma, and Roma Papaleo Contracting Concepts, Inc., which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against them.

Ordered that the amended order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Louis M. Papaleo, Pasquale Roma, and Roma Papaleo Contracting Concepts, Inc., which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against them are denied.

On March 6, 2008, the plaintiffs entered into a contract to purchase a one-family residence in Yonkers from the defendants Louis M. Papaleo and Pasquale Roma, who are the principals of the defendant Roma Papaleo Contracting Concepts, Inc. (hereinafter collectively the defendants). Prior to closing, the plaintiffs asked the defendants to provide them with a certificate of occupancy for the residence. Shortly thereafter, the defendants gave the plaintiffs a letter ostensibly written by a Yonkers building inspector on the letterhead of the City of

Yonkers Department of Housing and Buildings. The letter stated that no certificate of occupancy was necessary for the residence because it had been constructed in 1925, prior to "present restrictions," and that there were "[n]o building code violations as of April 21, 2008." After purchasing the residence, the plaintiffs allegedly learned that the defendants had made extensive alterations to the premises, which included adding a bedroom, two bathrooms, and an exterior deck, and that all of the alterations had been made without filing for and obtaining necessary municipal approvals. The plaintiffs subsequently commenced this action, inter alia, to recover damages for fraud, alleging that the letter ostensibly written by the building inspector was a forgery, and that the defendants had actively concealed that alterations to the residence had been illegally performed. The defendants moved pursuant to CPLR 3211 (a) (1) and (7), among other things, to dismiss the first and second causes of action, which were to recover damages for fraud insofar as asserted against them. In support of their motion, the defendants argued, among other things, that the plaintiffs' fraud causes of action were barred by the doctrine of caveat emptor. The Supreme Court granted those branches of the defendants' motion which were to dismiss the first and second causes of action, which were to recover damages for fraud. The plaintiffs appeal, and we reverse.

"New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (*Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 520 [2007]; *see Margolin v IM Kapco, Inc.*, 89 AD3d 690, 691 [2011]; *Pettis v Haag*, 84 AD3d 1553, 1554 [2011]; *Beach 104 St. Realty, Inc. v Kisslev-Mazel Realty, LLC*, 76 AD3d 661, 664 [2010]; *cf.* Real Property Law §§ 462, 465). For concealment to be actionable as fraud, the plaintiffs must show that the defendants "thwarted" the plaintiffs' efforts to fulfill their responsibilities imposed by the doctrine of caveat emptor (*Margolin v IM Kapco, Inc.*, 89 AD3d at 691 [internal quotation marks omitted]; *Beach 104 St. Realty, Inc. v Kisslev-Mazel Realty, LLC*, 76 AD3d at 664 [internal quotation marks omitted]).

Accepting the facts alleged in the complaint as true and according the plaintiffs the benefit of every possible favorable inference, as we must on a motion pursuant to CPLR 3211 (a) (7) (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]; *Margolin v IM*

*Kapco, Inc.*, 89 AD3d at 691), we conclude that the complaint sufficiently states a cause of action to recover damages for fraud on the theory that the defendants actively concealed that alterations to the premises had been made illegally by, inter alia, proffering the allegedly forged letter, and that the defendants' conduct in so doing thwarted the plaintiffs' efforts to fulfill their responsibilities under the doctrine of caveat emptor (*see Margolin v IM Kapco, Inc.*, 89 AD3d at 691, 692; *see also Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *cf. Rozen v 7 Calf Cr., LLC*, 52 AD3d 590, 593 [2008]).

Further, in support of that branch of their motion which sought dismissal pursuant to CPLR 3211 (a) (1), the defendants failed to sustain their burden of submitting documentary evidence sufficient to resolve all factual issues as a matter of law, and conclusively dispose of the plaintiffs' fraud claims (*see Leon v Martinez*, 84 NY2d at 88; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 70 AD3d 928, 930 [2010]).

Accordingly, the Supreme Court should not have granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against them.

The plaintiffs' remaining contention is improperly raised for the first time on appeal. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.