■ ALEXANDER RADUSHINSKY et al., Appellants-Respondents, v DMITRY ITSKOVICH et al., Respondents-Appellants. [4 NYS3d 890]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Schack, J.), dated February 25, 2013, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss so much of the first and second causes of action as related to a parking space, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss so much of the first and second causes of action as related to a storage area.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs purchased a condominium unit from the defendants, together with an interest in the common elements appurtenant thereto. Thereafter, the plaintiffs commenced this action against the defendants to recover damages for fraud, alleging, among other things, that the defendants failed to disclose information with respect to a storage area and a parking space that were included in the common elements.

The Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss so much of the first and second causes of action as related to the parking space, and properly denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss so much of the first and second causes of action as related to the storage area. "New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (*Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 520 [2007]; *see Margolin v IM Kapco, Inc.*, 89 AD3d 690, 691 [2011]). "To maintain a cause of action to recover damages for active concealment in the context of a fraudulent nondisclosure, the buyer must show, in effect, that the seller thwarted the buyer's efforts to fulfill the buyer's responsibilities fixed by the doctrine of caveat emptor" (*Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d at 520; *see Margolin v IM Kapco, Inc.*, 89 AD3d at 691). Here, the verified complaint, along with the affidavit the plaintiffs submitted in opposition to the motion, contain allegations of conduct that might have thwarted the plaintiffs' efforts to fulfill their responsibilities imposed by the doctrine of caveat emptor with respect to the storage area, but not with respect to the parking space.

The parties' remaining contentions are without merit. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.