Razdolskaya v Lyubarsky (2018 NY Slip Op 02817)





Razdolskaya v Lyubarsky


2018 NY Slip Op 02817


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-07674
 (Index No. 500014/15)

[*1]Yelena Razdolskaya, plaintiff-respondent, 
v
Roman Lyubarsky, et al., appellants, Zorik Erik Ikhilov, defendant-respondent.


Leopold Gross, Brooklyn, NY, for appellants.
Gallet Dreyer & Berkey, LLP, New York, NY (Pamela Gallagher and Adam J. Berkey of counsel), for plaintiff-respondent.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Gary Petropoulos, Katherine A. Giovacco, and Renton D. Persaud of counsel), for defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants Roman Lyubarsky and Yelena Lyubarsky appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated July 15, 2015, as denied those branches of their motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss so much of the cause of action to recover damages for fraud as related to the alleged concealment in defects in the common areas not appurtenant to the subject condominium unit, and pursuant to CPLR 3211(a)(7) to dismiss the cross claims of the defendant Zorik Erik Ikhilov for contribution and common-law and contractual indemnification.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Roman Lyubarsky and Yelena Lyubarsky which were pursuant to CPLR 3211(a)(7) to dismiss the cross claims of the defendant Zorik Erik Ikhilov for common-law and contractual indemnification, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants to the plaintiff.
The plaintiff purchased a condominium unit from the defendants Roman Lyubarsky and Yelena Lyubarsky (hereinafter together the Lyubarskys). The plaintiff was represented by the defendant attorney Zorik Erik Ikhilov in connection with the sale. The plaintiff commenced this action against the Lyubarskys and Ikhilov after allegedly discovering that the condominium building required remediation for mold and water damage. Specifically, the plaintiff alleged that the Lyubarskys actively concealed mold and water damage in the unit's balcony, and assigned storage unit and parking space, and additionally concealed defective conditions throughout the common areas of the building. The plaintiff alleged Ikhilov committed legal malpractice in his representation of her in the transaction. In his answer, Ikhilov asserted cross claims against the Lyubarskys for contribution and common-law and contractual indemnification.
The Lyubarskys moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and all cross claims insofar as asserted against them, and the Supreme Court denied their motion in its entirety. On their appeal, the Lyubarskys concede that the complaint states a cause of action to recover damages for fraud based upon the alleged concealment of defects in the condominium unit's balcony, and assigned storage unit and parking space. They contend, however, that the court erred in denying those branches of their motion which were to dismiss so much of the fraud cause of action as was premised upon the alleged concealment of defects in the common areas of the building, and that the court erred in denying those branches of their motion which were to dismiss Ikhilov's cross claims.
We agree with the Supreme Court's determination to deny those branches of the Lyubarskys' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss so much of the fraud cause of action as was premised upon the alleged concealment of defects in the common areas of the building. "New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520; see Radushinsky v Itskovich, 127 AD3d 838, 839). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (Hecker v Paschke, 133 AD3d 713, 716 [internal quotation marks omitted]; see Daly v Kochanowicz, 67 AD3d 78, 92). "To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor" (Jablonski v Rapalje, 14 AD3d 484, 485; see Perez-Faringer v Heilman, 95 AD3d 853, 854).
Here, accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference (see CPLR 3211[a][7]; Leon v Martinez, 84 NY2d 83, 87-88), the complaint sufficiently states a cause of action to recover damages for fraud on the theory that the Lyubarskys actively concealed defects throughout the common areas of the condominium building. The complaint alleges that the Lyubarskys took several steps to hide the existence of leaks and mold damage including, inter alia, claiming that they had lost the key to the storage area in the cellar which was assigned to the subject condominium, and removing and replacing damaged sheetrock from the cellar and the parking area. These allegations, if true, might have thwarted the plaintiff's efforts to fulfill her responsibilities imposed by the doctrine of caveat emptor with respect to the common areas of the building (see Camisa v Papaleo, 93 AD3d 623, 625; Margolin v IM Kapco, Inc., 89 AD3d 690, 692; Jablonski v Rapalje, 14 AD3d 484, 487; see also Radushinsky v Itskovich, 127 AD3d at 839). Further, in support of that branch of their motion which sought dismissal pursuant to CPLR 3211(a)(1), the Lyubarskys failed to sustain their burden of submitting documentary evidence to resolve all factual issues as a matter of law, and conclusively dispose of the plaintiff's fraud cause of action as it related to the common areas of the building (see Leon v Martinez, 84 NY2d at 87; Camisa v Papaleo, 93 AD3d at 625).
We also agree with the Supreme Court's determination to deny that branch of the Lyubarskys' motion which was pursuant to CPLR 3211(a)(7) to dismiss Ikhilov's cross claim for contribution (see Schauer v Joyce, 54 NY2d 1, 5). A claim for contribution may be established, among other ways, where the party from whom contribution is sought owed a duty to the injured plaintiff, and a breach of this duty contributed to the plaintiff's alleged injury (see Morris v Home Depot USA, 152 AD3d 669, 671-672; Phillips v Young Men's Christian Assn., 215 AD2d 825, 827). An "essential requirement" for contribution is "that the parties must have contributed to the same injury" (Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603). "[C]ontribution is available whether or not the culpable parties are allegedly liable for the injury under the same or different theories" (Raquet v Braun, 90 NY2d 177, 183 [internal quotation marks omitted]). Here, the Lyubarskys and Ikhilov are alleged to have caused the same injury to the plaintiff, i.e., the diminution in value of the plaintiff's condominium unit and her interest in the common elements of the building as a result of the alleged mold and water damage. Under these circumstances, Ikhilov has stated a cause of action against the Lyubarskys to recover damages for contribution (see Schauer v Joyce, 54 NY2d at 5).
The Supreme Court, however, should have granted those branches of the Lyubarskys' motion which were pursuant to CPLR 3211(a)(7) to dismiss Ikhilov's cross claims for common-law and contractual indemnification. Ikhilov did not allege that the Lyubarskys owed a duty to him, an essential element of a cause of action sounding in common-law indemnification (see Raquet v Braun, 90 NY2d at 183; Ponce v Miao Ling Liu, 123 AD3d 786, 787; Lovino, Inc. v Lavallee Law Offs., 96 AD3d 909, 909). Moreover, as Ikhilov did not allege the existence of a contractual relationship between him and the Lyubarskys, who were not his clients, he failed to state a cause of action for contractual indemnification (see Bivona v Danna & Assoc., P.C., 123 AD3d 956, 957; Jones v Rochdale Village, Inc., 96 AD3d 1014, 1018; Galvin Brothers, Inc. v Town of Babylon, 91 AD3d 715, 716; Richards v Passarelli, 77 AD3d 905, 909).
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court