Striplin v AC&E Home Inspection Corp. (2023 NY Slip Op 03720)

Striplin v AC&E Home Inspection Corp.

2023 NY Slip Op 03720

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-06724
 (Index No. 10124/15)

[*1]Patrick Striplin, et al., appellants, 
v
AC & E Home Inspection Corp., defendant, Craig Balaban, et al., respondents.

Scott Lockwood, Deer Park, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated January 10, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Craig Balaban and Paula Balaban which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Craig Balaban and Paula Balaban which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them is denied.
The plaintiffs, as purchasers, entered into a contract with the defendants Craig Balaban and Paula Balaban (hereinafter together the Balaban defendants), as sellers, to purchase certain residential property in Suffolk County. The plaintiffs commenced this action, inter alia, to recover damages for fraud after allegedly discovering, subsequent to the closing, that the property had suffered extensive damage due to leaking water. The plaintiffs alleged that the Balaban defendants had actively concealed the water damage to the property. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated January 10, 2018, the Supreme Court granted that branch of the Balaban defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them and, in effect, denied, as academic, that branch of their motion which was, in the alternative, for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiffs appeal.
"New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520; see Razdolskaya v Lyubarsky, 160 AD3d 994, 996; Radushinsky v Itskovich, 127 AD3d 838, 839). "If, however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (Hecker v Paschke, 133 AD3d 713, 716 [internal quotation marks omitted]; see Daly v Kochanowicz, 67 AD3d 78, 92). "To maintain a cause of action to recover damages for active concealment, the plaintiff must show, in effect, that [*2]the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor" (Jablonski v Rapalje, 14 AD3d 484, 485; see Razdolskaya v Lyubarsky, 160 AD3d at 996; Perez-Faringer v Heilman, 95 AD3d 853, 854).
Here, accepting the facts alleged in the amended complaint as true, and according the plaintiffs the benefit of every possible favorable inference (see CPLR 3211[a][7]; Leon v Martinez, 84 NY2d 83, 87-88), the amended complaint sufficiently states a cause of action to recover damages for fraud on the theory that the Balaban defendants actively concealed extensive water damage to the property. The amended complaint, as amplified by an affidavit of one of the plaintiffs (see Janusonis v Carauskas, 137 AD3d 1218, 1219), alleges, among other things, that the Balaban defendants took measures to actively conceal the existence of leaks and water damage to the property, including placing new wood on top of rotten wood to hide the extent of the damage. The plaintiffs' allegations, if true, might have thwarted the plaintiffs' efforts to fulfill their responsibilities imposed by the doctrine of caveat emptor with respect to the property (see Razdolskaya v Lyubarsky, 160 AD3d at 997; Radushinsky v Itskovich, 127 AD3d at 839; Camisa v Papaleo, 93 AD3d 623, 625; Margolin v I M Kapco, Inc., 89 AD3d 690, 692). The Balaban defendants did not demonstrate that a material fact alleged in the amended complaint is not a fact at all and that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Further, the documentary evidence submitted by the Balaban defendants did not utterly refute the plaintiffs' factual allegations and conclusively establish a defense as a matter of law (see Razdolskaya v Lyubarsky, 160 AD3d at 996).
Accordingly, the Supreme Court should have denied that branch of the Balaban defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court