| |
|---|
| **Lopez v Quincy 314 LLC** |
| 2024 NY Slip Op 33634(U) |
| October 7, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 508216/2024 |
| Judge: Carolyn E. Wade |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
DOUGLAS LOPEZ and VICTORIA BYRNES,

                                        Plaintiffs,

                                                                    Index Number: 508216/2024

            - against -
                                                                    Hon. Carolyn E. Wade


QUINCY 314 LLC, SALEH HAROUNIAN,
SHAHRYAR TORKAN, FARHAD RAHIMIAN, and                               **DECISION AND ORDER**
COMPASS REALTY, INC,
                                        Defendants.
--------------------------------------------------------------------X

Hon. Carolyn E. Wade, JSC.

Plaintiffs' Amended Complaint asserts causes of action for fraudulent concealment,

breach of contract, negligent misrepresentation, and breach of fiduciary duty against sellers and

their real estate broker in connection with the purchase of a 2-family Bed Stuy townhouse. The

Sellers, Defendants Quincy 314 LLC ("Quincy"), Saleh Harounian, Shahryar Torkan, and

Farhad Rahimian (the "Quincy Members," together with Quincy, the "Quincy Defendants")

moved to dismiss the Complaint, pursuant to CPLR §§ 3211 (a)(1) and (a)(7) (Motion Seq. #1)

(the "Motion"), and the Court heard oral argument on the motion on October 2, 2024.

For the reasons set forth herein, the Quincy Defendants' Motion is **DENIED.**

On a motion to dismiss pursuant to CPLR § 3211, the pleading is to be afforded a liberal

construction (see, CPLR § 3026). We accept the facts as alleged in the complaint as true, afford

plaintiffs the benefit of every possible favorable inference, and determine only whether the facts

as alleged fit within any cognizable legal theory (*Leon v. Martinez*, 84 NY2d 83, 87-88 [1994]

citing *Morone v. Morone*, 50 NY2d 481, 484 [1980]; *Rovello v. Orofino Realty Co.*, 40 NY 2d

633, 634 [1976]). Whether a plaintiff can ultimately establish its allegations "is not part of the

[* 1]

calculus" in determining a motion to dismiss (*EBC I, Inc. v. Goldman, Sachs & Co.*, 5 NY3d 11 [2005]). A dismissal is warranted under CPLR § 3211(a)(1) only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*Heaney v. Purdy*, 29 NY2d 157 [1971]; *Qureshi v Vital Transportation, Inc.*, 173 AD3d 1076, 1077 [2d Dept 2019]).

Any deficiencies in a complaint may be amplified by supplemental pleadings and other evidence (*AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co.*, 5 NY3d 582 [2005]; *see also, Rovello, supra*).

Here, the Quincy Defendants argue that documentary evidence in the form of the Contract of Sale establishes a complete defense to Plaintiffs' claims, or that the claims are otherwise barred by concepts of caveat emptor and merger. However, affording Plaintiffs every favorable inference, the Amended Complaint, as amplified by Plaintiff Lopez's affirmation and the professional reports and other evidence annexed thereto, state claims sufficient to survive the Quincy Defendants' motion.

The Plaintiffs allege that Quincy purchased the Premises in July 2022 for $997,500, when it needed a "full gut renovation," and then represented that it was "meticulously restored" prior to selling it to Plaintiffs for $2,500,000.00 (Amended Complaint at ¶¶ 33-41). It identifies many concealed defective conditions in detail, including improperly sized ductwork; improper insulation for cooling operations; flue gas piping sections that were not connected, improperly connected, or cracked causing the leaking of carbon monoxide into the home; flue piping that was not appropriately sealed to prevent water intrusion; incorrectly sized refrigerant piping in multiple concealed areas; concealed water damage, and concealed structural deficiencies

2.

[* 2]

(Amended Complaint at ¶¶ 29-31). These allegations are then amplified by the Plaintiff's Affirmation, which includes detailed reports and photographs (*see*, Lopez Aff. Exhibits E-H).

Thus, under the circumstances, the Plaintiffs have stated facts sufficient to plausibly allege a fraudulent scheme engaged in by Quincy and the Quincy Members by which they installed faulty systems and made only basic cosmetic repairs to the Premises, not the comprehensive, "meticulous" and "modern" renovation that was advertised, so that they could fraudulently "flip" the property in a short time to the Plaintiffs, an unsuspecting buyer, for a profit of over $1.5 Million. Under the circumstances presented here, a fraudulent intent can be inferred (see, *DDJ Management, LLC v. Rhone Group, L.L.C.*, 78 AD3d 442, 443 [1st Dept. 2010]).

"New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (*Striplin v. AC&E Home Inspection Corp.*, 218 AD3d 513, 514 [2d Dept 2023] [citations omitted]). To recover damages for active concealment, the Plaintiffs must show "in effect, that the seller or the seller's agents thwarted the plaintiff's efforts to fulfill his [or her] responsibilities fixed by the doctrine of caveat emptor." *Id* at 514. In *Striplin*, the Second Department reversed a trial court order that granted a motion to dismiss because the Amended Complaint alleged that the Defendants actively concealed the existence of leaks and water damage. Plaintiff was unable to observe those conditions because Defendants had installed new materials to hide the extent of the damage. The Court reaches the same result here (*see also, Razdolskaya v. Lyubarsky*, 160 AD3d 994, 996-97 [2d Dept 2018]).

3

Therefore, this Court finds that the fraudulent concealment and negligent misrepresentation claims are properly pled.

Moreover, since fraud is a recognized exception to the merger doctrine, the argument that Plaintiffs' claims were merged into the deed is misplaced (*West 90th Owners Corp. v. Schlecter*, 137 AD2d 456, 459 [1st Dept 1988]; *TIAA Global Investments, LLC v. One Astoria Square LLC*, 127 AD3d 75, 86 [1st Dept 2015]). The Quincy Defendants' other assertions are unavailing at the pleadings stage.

Conclusion

Accordingly, it is

**ORDERED** that Defendants Quincy 314 LLC, Saleh Harounian, Sharhryar Torkan, and Farhad Rahimian's motion to dismiss the Amended Complaint is **DENIED**, and it is further

**ORDERED** that Defendants Quincy 314 LLC, Saleh Harounian, Sharhryar Torkan, and Farhad Rahimian are directed to serve and file their respective Answers to the Amended Complaint on or before November 29, 2024; and it is further

Date: October ___7th___, 2024

SO ORDERED:

_____
Hon. Carolyn E. Wade, JSC

HON. CAROLYN E. WADE
JUSTICE OF THE SUPREME COURT

4