Perry v Pickett (2025 NY Slip Op 51579(U))

[*1]

Perry v Pickett

2025 NY Slip Op 51579(U)

Decided on October 2, 2025

Supreme Court, Albany County

Lynch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 2, 2025
Supreme Court, Albany County

Zoe A. Perry, Plaintiff,

against
Corey M. Pickett, AND CAREY HOME INSPECTION, LLC, Defendants.

Index No. 904946-25

Featherstonhaugh, Clyne & McCardle, LLP 
Jeffrey A. Malone, Esq. 
Attorneys for Plaintiff Zoe Perry 
111 Washington Avenue, Suite 501 
Albany, New York 12210
COOPER ERVING & SAVAGE, LLP 
Carolyn B. George, Esq. 
Attorneys for Defendant Corey M. Pickett 
20 Corporate Woods Blvd, Suite # 501
Albany, New York 12211

Peter A. Lynch, J.

INTRODUCTION
This is an action for money damages, sounding in fraud, breach of contract, and [*2]negligence.[FN1]

STATEMENT OF FACTS
On August 29, 2022, defendant Pickett signed a Purchase and Sale Agreement ("hereinafter the "Contract") to sell her home located at 262 Morris Street, Albany, New York 12208 (the "Property") to plaintiff for $ 225,000.00.[FN2]
Defendant Pickett attached a Property Condition Disclosure Statement dated July 8, 2022, to the contract (hereinafter "PCDS").
The PCDS indicated there were no material defects to the foundation/slab of the structure.[FN3]
 The PCDS provides the following question:
Are there any known material defects in any of the following?
The Seller has the option of checking yes, no, unknown, and N/A. The PCDS answer was:
38. Foundations? No.
Pursuant to ¶ 22 of the Purchase and Sale Agreement, the PCDS is part of the contract.
Subsequent to closing, Plaintiff received a property inspection report indicating material defects to the foundation, necessitating $92,600.00 in repairs.[FN4]
Upon further inquiry, Plaintiff claims defendant Pickett had a prior sales contract with one Jamie Valsechi, which was canceled due to an inspection report prepared by Top Gun Inspection Services Group ("Top Gun") dated August 16, 2022, indicating material defects in the foundation and slab of the structure.[FN5]

Defendant Pickett acknowledged she signed the PCDS on July 8, 2022, and claimed it was accurate at that time.[FN6]
 Pickett also acknowledged she signed a purchase and sales agreement to sell the premises to Valsechi and knew of the existence of the Top Gun report.[FN7]
 Pickett further acknowledged Valsechi canceled the contract and that she signed a cancellation agreement on August 22, 2022.[FN8]
One week later, Pickett signed the subject Contract on August 29, 2022, and did not update the attached PCDS dated July 8, 2022.[FN9]

Plaintiff claims that defendant Pickett knew about the Top Gun engineering report, and foundation defects, intentionally failed to disclose same, and affirmatively represented there were no foundation defects. As a result, when defendant Pickett signed August 29, 2022, [*3]contract, she attached PCDS was dated July 8, 2022, notwithstanding the existence of Top Gun report dated August 16, 2025.
Prior to closing, plaintiff had obtained a separate report from defendant Carey Home Inspection, LLC, dated September 8, 2022, which plaintiff alleges negligently failed to disclose the extent of the foundation issues.[FN10]

CPLR 3211 MOTION TO DISMISS
Defendant Pickett moved to dismiss the amended complaint pursuant to CPLR R 3211 (a) (7), on the ground that the allegations in the complaint failed to state a cause of action against her.[FN11]

STATEMENT OF LAW
The CPLR R 3211 (a) (7) review standard requires that a Court "must give the pleadings a liberal construction, accept the allegations as true and accord the Petitioners every possible favorable inference" (Chanko v. Am. Broad Companies, Inc., 27 NY3d 46, 52 [2016]; see also, Conklin v Laxen, 180 AD3d 1358, 1362 [4th Dept. 2020]; Piller v Tribeca Dev. Group LLC, 156 AD3d 1257, 1261 [3d Dept. 2017]). In Wedgewood Care Ctr. v. Kravitz, 198 AD3d 124, 130 [2d Dept. 2021], the court held, 
On a motion to dismiss for failure to state a cause of action, the pleading is to be afforded a liberal construction. The facts alleged in the complaint must be accepted as true, and the plaintiff is entitled to receive the benefit of every possible favorable inference. Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery.
However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration, nor to that arguendo advantage." (Internal quotations and citations omitted; emphasis added).
(See also, Easterbrooks v. Schenectady County, 218 AD3d 969, 970 [3d Dept. 2023], where the Court held,
"However, the favorable treatment accorded to a plaintiff's complaint is not limitless and, as such, conclusory allegations — claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss. Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." (Internal quotations and citations are omitted; emphasis added)
The issue distills to whether Plaintiff has alleged sufficient facts to support a claim which [*4]provides a right of recovery. She has!
First Cause of Action -Property Condition Disclosure Act ("PCDS")
Real Property Law § 462 (1) provides:
"Except as is provided in section four hundred sixty-three of this article, every seller of residential real property pursuant to a real estate purchase contract shall complete and sign a property condition disclosure statement as prescribed by subdivision two of this section and cause it, or a copy thereof, to be delivered to a buyer or buyer's agent prior to the signing by the buyer of a binding contract of sale. A copy of the property condition disclosure statement containing the signatures of both seller and buyer shall be attached to the real estate purchase contract. Nothing contained in this article or this disclosure statement is intended to prevent the parties to a contract of sale from entering into agreements of any kind or nature with respect to the physical condition of the property to be sold, including, but not limited to, agreements for the sale of real property "as is"." (Emphasis added)
Stated another way, the PCDS is part of and a term of the contract.
Real Property Law § 464 provides:
"If a seller of residential real property acquires knowledge which renders materially inaccurate a property condition disclosure statement provided previously, the seller shall deliver a revised property condition disclosure statement to the buyer as soon as practicable. In no event, however, shall a seller be required to provide a revised property condition disclosure statement after the transfer of title from the seller to the buyer or occupancy by the buyer, whichever is earlier." (emphasis added)
Here, plaintiff admits she did not revise the PCDS dated July 8, 2022, notwithstanding cancellation of the Valsechi contract on August 22, 2022, based on the Top Gun report, one week before she signed the subject contract.
Real Property Law § 465 provides:
1. Nothing contained in this article shall be construed as limiting any existing legal cause of action or remedy at law, in statute or in equity.
2.Any seller who provides a property condition disclosure statement or provides or fails to provide a revised property condition disclosure statement shall be liable only for a willful failure to perform the requirements of this article. For such a willful failure, the seller shall be liable for the actual damages suffered by the buyer in addition to any other existing equitable or statutory remedy. (Emphasis added)
In Kazmark v Wasyln, 167 AD3d 1386, 1387 [3d Dept. 2018], the Court clarified the pleading requirements to set forth a claim under RPL 465, as follows:
"New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment. A false representation in a disclosure statement may constitute active concealment. However, [t]he disclosures required on the PCDS are based solely on the [*5]seller's 'actual knowledge. Accordingly, a claim under Real Property Law § 462 (2) must allege the seller's willful failure to comply with one or more of the obligations imposed on the seller under [Real Property Law] article 14, resulting in the buyer's damages, and a claim for willful failure to disclose under this provision must allege that the seller had actual knowledge of a condition that was misrepresented by the disclosure contained in the PCDS." (Internal quotations and citations omitted) (Emphasis added)
In the ¶ 26 of the amended complaint, it was alleged:
" . . . after Corey Pickett acquired the knowledge regarding the material defects in the foundation of the structure at 262 Morris Avenue, which would have occurred prior to transfer or [of] title or occupancy by Zoe Perry, Ms. Pickett was obligated to deliver a revised property condition disclosure statement to Zoe Perry as the buyer as soon as practicable. Corey Pickett knowingly failed to provide this revised property condition disclosure statement after acquiring knowledge of the material defect, which deprived Ms. Perry of critical knowledge affecting her decision to purchase the property."
Clearly, from the allegations in the amended complaint, liberally construed in favor of the non-moving party, it is alleged the defendant had actual knowledge of the material foundation defect and knowingly failed to disclose same, i.e., a willful failure.
The motion to dismiss the first cause of action set forth in the amended complaint is denied.
SECOND CAUSE OF ACTION — FRAUD and THIRD CAUSE OF ACTION — FRAUDULENT CONCEALMENT
In Golobe v. Mielnicki Court of Appeals 2025 NY LEXIS 341, p.6-7 [2025], the Court held,
"There are five elements of fraud: (1) a misrepresentation or a material omission of fact, (2) which is either untrue and known to be untrue or recklessly made, (3) made for the purpose of inducing the other party to rely upon it, (4) justifiable reliance of the other party on the misrepresentation or material omission, and (5) injury." (Internal quotations and citations omitted)
Here, as alleged, plaintiff misrepresented the condition of the foundation, which she knew was defective, to induce plaintiff to purchase the property, that plaintiff reasonably relied on defendant's representation, and sustained damages. In fine, plaintiff has pled sufficient facts to set forth a fraud claim (See Striplin v. AC&E Home Inspection Corp., 218 AD3d 513 [2d Dept. 2023], where the Court held, inter alia:
"Here, accepting the facts alleged in the amended complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the amended complaint sufficiently states a cause of action to recover damages for fraud on the theory that the Balaban defendants actively concealed extensive water damage to the property.) (Citations omitted; emphasis added)
Here, the allegations in the amended complaint not only establish a claim of active concealment but also support a claim defendant affirmatively misrepresented the foundation condition.
The fraud claim is collateral to the breach of contract claim (See Deerfield Communications Corp. v. Chesebrough-Ponds, Inc., 68 NY2d 954, where the Court recognized the distinction between a breach of contract claim and a collateral fraud claim, holding,
"The trial court properly denied plaintiff's motion to dismiss the third counterclaim [Fraud]. As we stated in Sabo v Delman (3 NY2d 155, 160)a promise * * * made with a preconceived and undisclosed intention of not performing it, * * * constitutes a misrepresentation". Involved in defendant's third counterclaim, therefore, is not a mere promissory statement as to what will be done in the future (see, Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403; Sabo v Delman, supra). It alleged rather "a representation of present fact, not of future intent" ( Citibank v Plapinger, 66 NY2d 90, 94) collateral to, but which was the inducement for the contract, and thus was neither duplicative of the second counterclaim [breach of contract] (see, Sager v Friedman, 270 NY 472, 479) nor barred by the general merger clause contained in the contract ( Danann Realty Corp. v Harris, 5 NY2d 317; see, Citibank v Plapinger, supra)."
Here, it is alleged defendant made the fraudulent representation relative to the condition of the foundation, as an inducement to plaintiff closing the transaction. Moreover, by making the PCDS part of the contract, the alleged fraudulent representation was made to induce plaintiff to sign the contract in the first instance, i.e. a fraud claims separate and distinct from the breach of contract claim (See, Luckow v RBG Design-Build, Inc., 156 AD3d 1289, 1293 [3d Dept. 2017], where the Court held,
"The one claim that could be separately stated here is fraudulent inducement. Where such a claim addresses words or actions relayed before a contract came into existence, the claim can stand alone because it is not redundant of a claim that the contract was. A fraudulent inducement cause of action requires proof that the defendant made a misrepresentation that was known to be false and made with the purpose of inducing the plaintiff to enter a contract, justifiable reliance on the false representation and related damages. The misrepresentations alleged in the pleadings—which need to be stated with particularity (see CPLR 3016 [b])—must be misstatements of material fact or promises made with a present but undisclosed intent not to perform, rather than a mere statement of future intent.") (Citations omitted; emphasis added)
The motion to dismiss the second and third causes of action set forth in the amended complaint is denied.
FOURTH CAUSE OF ACTION — BREACH OF CONTRACT FIFTH CAUSE OF ACTION — BREACH OF IMPLIED COVENANT
To be blunt, these distinct causes of action are effectively a single cause of action for breach of contract due to a breach of the underlying good faith covenant.
In Lapenna Contr., Ltd. v Mullen, 187 AD3d 1451, 1453 [3d Dept. 2020], the Court held,
"To recover for a breach of contract, a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach"
Here, it is undisputed a contract existed between the parties, that plaintiff performed, and [*6]sustained damages. At issue is whether the amended complaint alleged sufficient fact to sustain a claim defendant breached same.
In 511 West 232nd Owners Corp. v. Jennifer Realty Co., 98 NY2d 144, 153 [2002], the Court addressed the sufficient of the allegations of a complaint for breach of contract under a theory of breach of the implied covenant, holding, 
"In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance. This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. While the duties of good faith and fair dealing do not imply obligations inconsistent with other terms of the contractual relationship, they do encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included." (internal quotations and citations omitted; emphasis added)
As to the sufficient of the complaint in context of a CPLR 3211 motion, the court held,
"By spelling out the basis for their claim that the sponsor failed to exercise good faith and deal fairly in fulfilling the terms and promises contemplated by the offering plan, plaintiffs pleaded a valid cause of action for breach of contract." (Id. at p. 154) (Emphasis added)
Here, the facts in the amended complaint have spelled out the claim that defendant breached her good faith duty to disclose the underlying defects of the foundation.
The motion to dismiss the breach of contract claim in the amended complaint is denied.
SIXTH CAUSE OF ACTION — NEGLIGENT MISREPRESENTATION
In Kazmark v Wasyln, supra at 1387, the Court held,
Similarly, a cause of action for fraud or intentional misrepresentation requires proof that [the] defendant[ ] knowingly misrepresented a material fact upon which [the] plaintiff [ ] justifiably relied, causing [the plaintiff's] damages. A cause of action based upon negligent misrepresentation requires not only carelessness in imparting words upon which others rely to their damage, but also that such information be expressed directly, with knowledge or notice that it will be acted upon, to one whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he [or she] acts at all." (Internal quotations and citations omitted; emphasis added)
Like the fraud claim, the negligent misrepresentation claim is collateral to the breach of contract claim, since the representation was made to induce plaintiff to enter the contract in the first instance (Cf. Michael Davis Constr. v. 129 Parsonage Lane, 194 AD3d 805, 808 [2d Dept. 2021]).
Here, the facts in the amended complaint have spelled out the claim that defendant negligently misrepresented the foundation condition to induce plaintiff to enter the contract in the first instance.
The motion to dismiss the negligent misrepresentation claim in the amended complaint is denied.
CONCLUSION
For the reasons more fully stated above, defendant Pickett's motion to dismiss the First through the Sixth causes of action set forth in the amended complaint is denied, and it is further,
ORDERED, pursuant to CPLR 3211 (f) defendant Pickett's time to answer is extended to ten days after service of notice of entry of this Decision and Order.
This memorandum constitutes the decision and order of the Court.[FN12]

Dated: October 2, 2025
Albany, New York
PETER A. LYNCH, J.S.C.
PAPERS CONSIDERED:
All e-filed pleadings and exhibits
NYSCEF Doc. Nos. 1 to 29.

Footnotes

Footnote 1:NYSCEF Doc. No. 11 — Amended Verified Complaint.

Footnote 2:NYSCEF Doc. No. 2- Purchase and Sale Agreement.

Footnote 3:NYSCEF Doc. No. 2 — Purchase and Sale Agreement and PCDS.

Footnote 4:NYSCEF Doc. No. 6 — Nolan Engineering Report dated May 31, 2024.

Footnote 5:NYSCEF Doc. No. 3 — Affidavit of James Valsechi; NYSCEF Doc. No. 4 — Top Gun Inspection Report dated August 16, 2022.

Footnote 6:NYSCEF Doc. No. 19 — Affidavit of Corey Pickett ¶ 10,12.

Footnote 7:NYSCEF Doc. No. 19 — Affidavit of Corey Pickett ¶ 13.

Footnote 8:NYSCEF Doc. No. 19 — Affidavit of Corey Pickett ¶ 16 and Exhibit "C" thereof.

Footnote 9:NYSCEF Doc. No. 19 — Affidavit of Corey Pickett ¶ 17 and 18.

Footnote 10:NYSCEF Doc. No. 5 — Carey Inspection Report 9/8/2022.

Footnote 11:NYSCEF Doc. No. 17- Notice of Motion to Dismiss; NYSCEF Doc./ No. 20- Memo of Law. The Court notes that defendant cites CPLR 3211 (d) (1) in the Notice of Motion but cites CPLR 3211 (a) (7) in the Memo of Law. Since there is no CPLR 3211 (d) (1) statutory provision, the Court assumes that was a scrivener's error, and the motion is made under CPLR 3211 (a) (7).

Footnote 12:Compliance with CPLR R 2220 is required.